[Civ. No. 394. Third Appellate District.—December 28, 1907.]

## MICHELE P. SCHINO, Respondent, v. ANSERMO CINQUINI, Appellant, and ERMANDO CINQUINI, Co-defendant.

PROCEEDINGS SUPPLEMENTARY TO EXECUTION—ASSIGNMENT BY DEBTOR BEFORE JUDGMENT—FUND GARNISHED—REMEDY BY ACTION.—Upon proceedings supplementary to execution where a fund claimed to be due to the judgment debtor has been garnished, and it appears that before the judgment was rendered the judgment debtor had assigned the fund to another creditor, the proper procedure is not to order the garnishee to pay the fund into court, but to authorize the judgment creditor to sue the garnishee, making the assignee or any other claimant of the fund a party defendant.

ID.—SUBPOENA—ASSIGNEE NOT BOUND AS PARTY.—The fact that the assignee was subpoenaed as a witness, though not called as such by either party, does not make him a party to the supplementary proceedings, and he is not bound thereby, and the rights of the assignee being adverse, the validity of the assignment to him could not be litigated therein.

ID.—IMPROPER ORDER TO GARNISHEE—APPEAL BY JUDGMENT DEBTOR—PARTY NOT AGGRIEVED.—Where the court improperly ordered the

garnishee to pay the fund into court, the assignee, who is not a party
to the proceeding, is the party adversely interested, and an appeal by
the judgment debtor cannot be sustained, as he is not a party ag-
grieved by such order, and it must be affirmed as to him.

APPEAL from an order of the Superior Court of Merced
County in proceedings supplementary to execution. E. N.
Rector, Judge.

The facts are stated in the opinion of the court.

Ben Berry, for Appellant.

The proper remedy was for the court to order an action
to be instituted, making the assignor a party as an adverse
claimant. (Code Civ. Proc., sec. 720, amendment of 1907, p.
686; *McDowell* v. *Bell,* 86 Cal. 615, 25 Pac. 128; *High* v. *Bank
of Commerce,* 103 Cal. 525, 37 Pac. 508; *Hartman* v. *Olvera,*
51 Cal. 502.) Defendant had the right to prefer one creditor,
where no fraud appears. (Civ. Code, sec. 3432; *Roberts* v.
*Burr,* 135 Cal. 156, 67 Pac. 46; *In re Strock,* 128 Cal. 658, 61
Pac. 282; *Matter of Muller & Kennedy,* 118 Cal. 430, 50 Pac.
660; *Heath* v. *Wilson,* 139 Cal. 362, 73 Pac. 182.) Appellant
has the right of appeal to protect himself against any possible
claim upon him. (*Reed* v. *Baker,* 42 Mich. 272, 3 N. W. 959.)

F. G. Ostrander, for Respondent.

The appellant is not a party aggrieved, and cannot be af-
fected by the proceedings. (*Hobbs* v. *Duff,* 43 Cal. 485;
*Hibernia Savings etc. Soc.* v. *Ordway,* 38 Cal. 679; *Rankin* v.
*Central Pac. Ry.,* 73 Cal. 96, 15 Pac. 57; *Norton* v. *Walsh,*
94 Cal. 566, 29 Pac. 1109; *Calleghan's Estate,* 119 Cal. 571,
51 Pac. 860; *Dunphey* v. *Potrero Co.* (Cal.), 4 Pac. 379.)

CHIPMAN, P. J.—Proceedings supplemental to execution.
It appears from the transcript that on January 19, 1907,
plaintiff recovered judgment against defendants in the su-
perior court for $531.25; execution issued and was returned
unsatisfied; upon the affidavit of plaintiff that defendant An-
sermo Cinquini had property which he refused to apply to-
ward the payment of said judgment, the court ordered him
to appear and answer concerning his property. At the hear-
ing on May 21, 1907, one Hayes was sworn on behalf of plain-

tiff and testified that he was vice-president of the Hayes Company; that defendant Ansermo Cinquini "has been working for Hayes Company, of which I am an officer, from December 16, 1906, until the present time, and there is now due from Hayes Company for the labor he has performed the sum of $132.65; the said Hayes Company does not owe Ansermo Cinquini anything by reason or otherwise of any labor performed by him for said company." He further testified that on January 16, 1907 (before the entry of judgment), the Hayes Company received a written notice of assignment and transfer by defendant Ansermo Cinquini reading: " . . . I have assigned and transferred to G. Coppellotti . . . all sums of money that may become due me by virtue of my services rendered while in your employ between Jan. 16, 1907, and July 16, 1907." Hayes testified: "If such assignment is valid, then the Hayes Company does not owe Ansermo Cinquini anything for the amount due for his work from December 16, 1906; if it is invalid, then the Hayes Company owes Ansermo Cinquini the sum of $132.65." He further testified that subsequent to January 16, 1907, Coppellotti notified him "to allow Ansermo Cinquini to have what money he needed for tobacco and other necessaries and deduct the same from the amount due for labor performed by said Ansermo Cinquini for the Hayes Company," and that he had furnished Ansermo supplies to the value of $7.35, in accordance with Coppellotti's instructions. Defendant Ansermo Cinquini testified: "I am working for Hayes Company and have been since December 13, 1906, at a wage of one dollar per day, and I have not drawn any money from said company since January 16, 1907." He testified further to having assigned his claim for wages from said company to Coppellotti and that at the time he made the assignment he "was owing Coppellotti." This was all the testimony in the case. It appeared from the record that Coppellotti "was present in court during the proceedings with his books of account, under subpoena issued at the instance of the plaintiff and judgment creditor, but was not called as a witness to testify by either party to the proceeding." The court ordered that the said Hayes Company pay to plaintiff, or his attorney, the sum of $132.65, upon demand by said plaintiff or his attorney. Defendant Ansermo Cinquini appeals from this order.

The garnishee, Hayes Company, did not admit an indebtedness to defendant except it should be determined that the assignment was invalid. But that fact could not be litigated in this proceeding to which the assignee, Coppellotti, was not a party. His being present as a witness, though not called, did not make him a party nor did the order bind him. He was there only as plaintiff's witness, but was not called by either party. We think upon the evidence as it appeared the judge should have made an order to the effect that plaintiff might bring an action against the company, as provided in section 720, Code of Civil Procedure, to which Coppellotti and other persons, if any, claiming liens upon the money, might be made parties, to the end that all adverse claims might be adjusted and conclusively settled in such action and all parties protected. (*Deering* v. *Richardson-Kimball Co.,* 109 Cal. 73, 82, [41 Pac. 801], and cases there cited.) In the *Deering* v. *Richardson-Kimball* case, the garnishee, Los Angeles National Bank, among others, appealed. Expressing doubt as to the power of the court, in summary proceedings of this character, to try and conclusively settle all adverse claims to the property sought to be applied to the satisfaction of the judgment, "yet," said the court, "all known adverse claimants should have an opportunity to be heard, otherwise they would not be bound by the order made; nor would the garnishee be protected by any such order from their just claims, and might be compelled to satisfy them."

Respondent, however, makes the point that appellant's interests are not affected by the order and that he cannot appeal. Appellant makes no reply to this point. Section 938, Code of Civil Procedure, provides that "any party aggrieved may appeal in the cases prescribed in this title" (Title XIII). A simple and terse test as to who is an aggrieved party is given in an early case under the Practice Act, in *Adams* v. *Woods,* 8 Cal. 306, 316: "Would the party have had the thing, if the erroneous judgment had not been given? If the answer be yea, then the person is the aggrieved party." The "thing" in controversy was the money in the hands of the Hayes Company, and had the court refused to order its payment to plaintiff, appellant would not have had the "thing," for he had assigned it to Coppellotti. It was, therefore, a matter of indifference to him whether the company paid what was due him to respondent or to appellant's as-

signee. In either case, the money would be applied to appellant's indebtedness. The parties aggrieved, it seems to us, are Coppellotti and the company. Appellant is not concerned in the disposition of the money, unless the fact that he has a right to pay one creditor in preference to another (Civ. Code, sec. 3432) would give him the right of appeal in order to effectuate his preference—in other words, that he is aggrieved in the sense of the statute, because his assignee is injured or put to possible inconvenience or cost. There is no evidence in the record justifying our holding that Coppellotti's assignment was obtained by actual fraud (*Roberts* v. *Burr*, 135 Cal. 156, [67 Pac. 46]), if such issue was triable in the proceedings, which we doubt. The question then is— Is appellant aggrieved by the order of court in favor of the judgment creditor which affects appellant only so far as it prevents the accomplishment of his intended preference? We are unable to see that his grievance has anything of substance in it; or that any substantial injury to him can be predicated of the order. Coppellotti may complain but appellant cannot, for he owed both of these creditors. The preference that appellant undertook to exercise may have been prompted by friendship or other purely sentimental reason entirely justifiable, but we can conceive of no consideration moving appellant in giving the preference which the law can take hold of and declare to be a substantial injury to him and that he is thus "the party aggrieved."

The order is affirmed.

Hart, J., and Burnett, J., concurred.