[S. F. No. 11418. In Bank.—April 7, 1925.]

## THOMAS F. FINN et al., Petitioners, v. FRANK I. BUTLER et al., Respondents.

[1] SUPPLEMENTARY. PROCEEDINGS—POWER OF REFEREE—ORDER FOR PAYMENT OF MONEY—PARTIES.—A referee appointed to take testimony on claims made to personal property and money in bank levied upon by a sheriff under an execution has no power to order the bank to pay the money over to the judgment creditor or his attorney in satisfaction of the judgment, where the bank was not a party to said proceeding nor to the action in the course of which said supplementary proceeding was instituted.

[2] ID.—SERVICE OF SUBPOENA—PARTIES.—The fact that a referee appointed to examine a party with reference to a claim of ownership of property levied upon under execution, upon supplementary proceedings, causes a subpoena to be issued and served upon an employee, who is not an official, of a bank in which money levied upon under the execution is deposited, requiring him to appear and be examined as a witness, does not make the bank a party to said proceeding, nor subject it to the jurisdiction of the referee to make an order requiring the bank to pay the money to the judgment creditor.

[3] ID. — PROPERTY OF JUDGMENT DEBTOR — POWER OF REFEREE — SECTION 719, CODE OF CIVIL PROCEDURE.—The power of a referee under section 719 of the Code of Civil Procedure to order prop-

erty to be applied toward the satisfaction of a judgment is by the express terms of said section confined to the property of the judgment debtor, and he has no jurisdiction to determine that money or property lawfully in the keeping of one who is not a party to the proceeding is the property of the judgment debtor.

[4] ID. — GARNISHEE — RIGHT TO HOLD PROPERTY — THIRD-PARTY CLAIM.—A bank having a deposit of money upon which a levy of execution has been made and to which third-party claims have been filed with the sheriff levying the execution is a garnishee of the money and, even if it were a party to supplementary proceedings, would have no right and could not be compelled by order of a referee in said proceedings to turn the money over to the judgment creditor or apply it to the satisfaction of his judgment.

[5] ID.—PROHIBITION—RELIEF.—Petitioners seeking a writ of prohibition to restrain, a referee from making an order in supplementary proceedings, directing the application of certain money and property to the satisfaction of the judgment in question, are entitled to have the order annulled, where the referee exceeded his power, notwithstanding the order was made before an alternative writ in the proceeding was issued but after the petition therefor was filed.

(1) 23 C. J., p. 864, n. 27. (2) 23 C. J., p. 864, n. 28. (3) 23 C. J., p. 864, n. 37. (4) 28 C. J., p. 379, n. 90. (5) 32 Cyc., p. 630, n. 6.

APPLICATION for a Writ of Prohibition to restrain a referee from making a certain order in supplementary proceedings. Order annulled.

The facts are stated in the opinion of the court.

Reisner & Deming for Petitioners.

H. L. Sacks, Edward E. Bishop, County Counsel, and Mortimer O. Kline, Deputy County Counsel, for Respondents.

RICHARDS, J.—The petitioners herein, on December 9, 1924, filed in this court their application for a writ of prohibition wherein they sought to have the respondents herein, and particularly the respondent Frank I. Butler, as referee, etc., prohibited and restrained from proceeding with, passing upon, or deciding certain motions and proceedings pend-

ing before him as referee in a certain action then pending
in the superior court in and for the county of Los Angeles,
and from making, signing, or issuing a certain order which
he was threatening to make, sign, and issue in connection
with certain supplementary proceedings pending before him
as such referee under the appointment of said court. On
December 11, 1924, the said petitioners filed and presented
a supplementary petition setting forth that the said referee
had, on December 9, 1924, and after the filing of their said
original petition, above referred to, but before any action
by this court thereon, proceeded to make, sign and issue said
order in said proceeding pending before him and that
unless restrained by this court he and his corespondents
would further proceed to enforce the same. The respondents
in due course appeared and presented their demurrer and
answer to said application; but before hearing had upon the
issues thus presented the parties to this proceeding presented
and filed their stipulation as to the facts upon the basis of
which it was respectively claimed these petitioners should
as a matter of law be granted or denied the relief sought.
The facts as thus agreed upon may be summarized as fol-
lows: In the year 1916 one L. Paggi obtained a judgment in
the superior court in and for the county of Los Angeles
against Karl Elliott for the sum of $3,344.58 and costs, which
judgment became final on December 28, 1916, and which has
never been satisfied. On November 26, 1924, said L. Paggi
caused to be issued in said cause and out of said court and
pursuant to an order thereof, an execution directed to the
sheriff of the city and county of San Francisco, one of the
petitioners herein, and which execution was by said sheriff
levied upon a Packard automobile then in said city and also
upon certain moneys in the Liberty Bank therein standing in
the name of "Karl Elliott agent." Upon such levy and
upon receiving notice thereof John Schuster and Kathryn
Elliott, two of the petitioners herein, filed with said sheriff
duly verified third-party claims as provided in section 689
of the Code of Civil Procedure, setting forth their ownership
of said property and money so levied upon and the whole
thereof. Thereupon the said sheriff notified said Paggi that
he would not hold said property under said levy unless he
were indemnified as provided in section 689 of the Code of
Civil Procedure. Said Paggi refused to so indemnify the

said sheriff, but, on the contrary, commenced an action in the superior court of the city and county of San Francisco against said sheriff and Karl and Kathryn Elliott, seeking an injunction to restrain the said sheriff from releasing said property, and in said action obtained a temporary restraining order restraining the defendants therein, and each of them, from removing or encumbering said property and from withdrawing, alienating, or otherwise disposing of said or any moneys in said Liberty Bank, save and except to turn said money over to said Paggi, or his counsel, to be applied toward the satisfaction of said judgment. On December 2, 1924, upon the application of said Paggi, the superior court of the county of Los Angeles made and filed an order in said action pending before it, requiring said Karl Elliott to appear before the respondent herein, Frank I. Butler, who was appointed a referee by said order, to testify concerning his property. Said Karl Elliott appeared before said referee pursuant to said order and at a hearing thereon had in the city and county of San Francisco on December 8, 1924, and being then sworn testified that all of said property and money belonged to the third-party claimants. Kathryn Elliott, one of the third-party claimants, was also called and sworn as a witness for the plaintiff before said referee and testified that the entire property levied upon was owned by herself and said John Schuster. Charles F. Partridge, assistant cashier of the Liberty Bank, was also *subpoenaed* and called as a witness for said plaintiff and testified that said bank was carrying an account in the name of "Karl Elliott agent" to the amount of $6,327.92 when said execution was levied and that Karl Elliott was the only one authorized to draw upon said account. Said Partridge, who was merely an employee of said Liberty Bank, did not claim any interest in said moneys nor deny the indebtedness. The affidavits and claim of third-party ownership above referred to were produced before said referee at said hearing and were examined by him though not formally introduced in evidence. There was certain other evidence produced before said referee at said hearing bearing upon the ownership of said property and money by said Karl Elliott. On the ninth day of December, 1924, the day following the conclusion of said hearing, the said referee made and signed an order in which he directed the Liberty Bank, one of the petitioners herein,

to pay to said L. Paggi or his counsel forthwith the sum of $5,238.42 in satisfaction of his said judgment. Said order of said referee was later filed for record in the original action pending in the superior court of Los Angeles County.

[1] It is the contention of the petitioners herein, and each of them, that the said Frank I. Butler, acting in his capacity of referee pursuant to the provisions of the Code of Civil Procedure relative to proceedings supplementary to execution (secs. 714 to 721, Code Civ. Proc.), acted without and beyond his jurisdiction as conferred by said sections of the code, and particularly by sections 719 and 720 thereof, in assuming to make the orders above referred to, or in attempting to direct the execution of the same. With respect to the said order, in so far as the referee therein undertook to decree the Liberty Bank to forthwith pay over to L. Paggi or his attorney the moneys in its hands, in whatever capacity the same was held by it, it should suffice to say that such order was utterly void, for the all-sufficient reason that said Liberty Bank was not a party to said proceeding nor to the action in the course of which said supplementary proceeding had been ordered and instituted, and hence could not be made the subject of such an order without being made such a party and without an opportunity to be heard. The order appointing said Butler as a referee in said action directed the examination by him of Karl Elliott, the judgment debtor, upon supplementary proceedings, and of no other person. [2] True, the said referee in the course of such examination of the judgment debtor caused a subpoena to be issued and served requiring one Charles F. Partridge, an employee, but not an official, of the Liberty Bank, to appear and be examined as a witness and he did so appear. But that fact did not make the Liberty Bank a party to said proceeding nor subject it to the jurisdiction of the referee to make the order complained of. (*Deering* v. *Richardson-Kimball Co.*, 109 Cal. 73, 83 [41 Pac. 801]; *Schino* v. *Cinquini*, 7 Cal. App. 244, 247 [94 Pac. 83].) The respondents, however, contend that the referee had power to make such an order under the terms of section 719 of the Code of Civil Procedure, which provides that upon supplementary proceedings "the judge or referee may order any property of the judgment debtor, not exempt from execution, in the hands of such debtor, or any other person, or due to the judgment

debtor, to be applied toward the satisfaction of the judgment.'' [3] The difficulty with the application of this provision of the code to the matter before us is that the power of the referee to make the order referred to is, by the express terms of said provision of said section, confined in its application to the property of the judgment debtor and that as to the Liberty Bank, not a party to such proceeding, the referee has no jurisdiction to determine that any money or property lawfully in its keeping was ''the property of the judgment debtor.'' [4] There is another reason, however, why we think this order of the referee is void as beyond his power. The record herein discloses that upon the hearing before him it was shown by the testimony of a third-party claimant to the ownership of the property and money which had been levied upon that the whole thereof was claimed by two such claimants, and that these claimants had made and filed with the sheriff their verified claims and demands in conformity with the requirements of section 689 of the Code of Civil Procedure setting forth an interest in the said property and money adverse to the judgment debtor. This being so, the Liberty Bank, even if it had been a party to the proceeding before the referee, would have been shown to be merely the garnishee under the writ of execution of a fund as to which third-party claims, admittedly in due form, had been filed with the sheriff levying said writ. As such garnishee its holding of said moneys was subject to such claims and to that extent amounted to an interest therein adverse to that of the judgment debtor, which would have justified the bank in refusing to pay over said moneys, either to the judgment debtor or to the judgment creditor, while such outstanding claims existed and were being urged in the manner provided by section 689 of the Code of Civil Procedure. (*Deering* v. *Richardson-Kimball Co., supra.*) The record disclosing these undisputed facts, it would follow that the Liberty Bank, even had it been a party to this proceeding, could not have been subjected to an order obedience to which would have been a violation of its rights and duties respecting said money thus subject to such garnishment and to such third-party claims. This being so, the referee was not only not empowered but was not permitted under the provisions of sections 717 to 719 of the Code of Civil Procedure to make any order directing said

property, or any portion thereof, thus adversely claimed, to be turned over to the judgment creditor or applied to the satisfaction of his judgment. Under such conditions the proper and only procedure is that provided for in section 720 of the Code of Civil Procedure, which permits the judgment creditor to maintain an action against any person or persons claiming an interest in the property adverse to him, in which event the court or judge may by order forbid a transfer or other disposition of the interest or debt until such action can be commenced and prosecuted to judgment. It may be that the action which was commenced by the judgment creditor against the petitioners herein in the superior court of the city and county of San Francisco, seeking an injunction to prevent the said sheriff from releasing said property and money from the lien of said execution upon the presentation of said third-party claims and upon failure of the judgment creditor to furnish an indemnifying bond, is such a proceeding, but whether it is so or not cannot affect the right of these petitioners in this proceeding to such a writ as will afford relief from the effect of the said void order of the referee. [5] It is, however, contended by the respondents herein that the petitioners are not entitled to have a writ of prohibition issued herein for the reason that the said referee had already made his order, the validity of which is assailed herein before the issuance of the alternative writ herein, and that having done so there is no longer any act or order of said referee upon which said final writ can operate. The petitioners' application for a writ of prohibition was filed in this court on December 9, 1924, from which it appeared that the said referee was threatening to sign and issue the order in question. Subsequent thereto, but prior to the issuance of the alternative writ herein, the referee did make and sign said order. Thereafter, and on December 11, 1924, the petitioners filed their supplementary petition herein, setting forth the foregoing facts and the form of said order, and further alleging that the said referee and the said superior court were about to enforce the said order affecting the Liberty Bank and take other proceedings based upon said order which would deprive petitioners of their property without due process of law. Having before us the original and supplemental petitions showing the foregoing facts, this court issued the alternative writ herein

upon the theory that upon a hearing thereon this court could make and issue whatever form of writ would afford such relief as the petitioners might be shown to be entitled to under the facts alleged and shown upon the hearing thereon. We are satisfied that, upon the facts of the case, as stipulated by the parties hereto and upon the law of the case as above declared, the petitioners herein are entitled to whatever relief would be appropriate to the facts and the law of the case as developed upon the hearing. In similar cases where writs of prohibition have been sought in the first instance this court has afforded the relief given upon writs of review when the record as presented upon the hearing warranted such relief. (*Van Hoosear* v. *Railroad Com.*, 189 Cal. 228 [207 Pac. 903]; *Traffic Truck Sales Co.* v. *Justices' Court*, 192 Cal. 377 [220 Pac. 306].) We are satisfied that this record presents a situation where such relief should be afforded.

It is ordered that the said order of the referee be and the same is hereby annulled.

Myers, C. J., Shenk, J., Seawell, J., Lawlor, J., Lennon, J., and Waste, J., concurred.