[Civ. No. 7807. First Appellate District, Division Two.—February 11, 1931.]

TRADERS CREDIT CORPORATION (a Corporation), Petitioner, v. THE SUPERIOR COURT OF ALAMEDA COUNTY et al., Respondents.

Bernard B. Stimmel and Morris M. Grupp for Petitioner.

Earl Warren, District Attorney, Ralph E. Hoyt, Chief Assistant District Attorney, James M. Oakley, Deputy District Attorney, and Paul A. Lindley for Respondents.

NOURSE, P. J.—This is an original proceeding in *certiorari*.

The petitioner sued in the justice's court of Oakland township against Lindley Marinello Shop on an open book account for $99.63. The defendant answered and by way of counterclaim demanded the sum of $175 as damages for a writ of attachment levied by the plaintiff in the cause. Defendant had judgment for the sum prayed for and plaintiff appealed to the Superior Court of Alameda County, and in due time filed with the justice the required undertaking with the United States Fidelity and Guaranty Company as surety thereon. Thereafter the defendant served notice of exception to this surety and within due time the plaintiff served upon defendant's attorney a notice of the time of justification of the surety on appeal, said notice having been served by depositing the same in the United States mail at the postoffice in San Francisco addressed to the office of defendant's attorney in the city of Oakland. At the time specified the surety appeared and justified and

the appeal to the superior court being perfected according to law the defendant appeared in the latter court and moved that the appeal be dismissed. This motion was granted, and thereupon the plaintiff moved the court to set the order aside and to restore the appeal for hearing. This motion being denied the plaintiff, as petitioner herein, sued out this writ.

■ The notice of motion to dismiss the appeal was defective because it failed to state the grounds upon which it would be made. (Sec. 1010, Code Civ. Proc.) This defect was not cured by the statement therein that the motion would be based upon the affidavit attached and upon the papers and files in the case. The affidavit stated no more than that the attorney for the defendant had not received notice of the time when the surety would justify and had no knowledge thereof. The papers and files of record in the case disclose that such notice was duly given the defendant's attorney as required by law. Hence it is impossible to determine by reference to the affidavit or to the papers upon what grounds the defendant was moving to dismiss the appeal (*Ross* v. *San Diego Glazed C. P. Co.*, 50 Cal. App. 170 [194 Pac. 1059]), and the case does not come within the exception noted in *Reher* v. *Reed*, 166 Cal. 525 [Ann. Cas. 1915C, 737, 137 Pac. 263], and *Savage* v. *Smith*, 170 Cal. 472 [150 Pac. 353].

■ Though the superior court did not have before it a sufficient notice of motion to support its order dismissing the appeal, the jurisdiction of that court was exceeded in another respect in granting the motion. The showing made upon the hearing of the motion was that during the pendency of the trial in the justice's court defendant's counsel moved his office from 1106 Broadway, Oakland, to 3286 Adeline Street, Berkeley; that correspondence was had between him and the attorneys for the plaintiff in that action addressed to the Broadway number, and that after the attorney for the defendant had filed his notice of exception to the surety he refused to receive or open mail addressed to him coming from the attorneys for the plaintiff. Upon this showing he based the claim that he had not *actually* received notice of the time of the justification of the surety. ■ All this evidence was inadmissible and was beside any issue before the court. The rights of the parties in this case are

clearly fixed by statute and a long line of decisions—that when service is made by mail in the cases permitted by section 1012 of the Code of Civil Procedure, such service is declared to be complete at the time of the deposit in the postoffice of the sender in a sealed envelope addressed to the person on whom it is to be served. (Sec. 1013, Code Civ. Proc.) In the early case of *Heinlen* v. *Heilbron,* 94 Cal. 636, 640 [30 Pac. 8, 9], the Supreme Court declared that ''The service by mail authorized by section 1012 does not contemplate a delivery as a part of the service, as is seen by the provision of section 1013, that 'the service is complete at the time of the deposit' in the post-office. Such a service is termed a substituted service, and is intended to take the place of, and be equivalent in point of law and effect to a personal service.'' In *Gill* v. *Southern Pac. Co.,* 174 Cal. 84, 87 [161 Pac. 1153, 1154], the court said: ''The presumption is that such proof was duly made. The only evidence to the contrary is that he did not receive such notice. Upon the deposit of such notice in the mail, properly addressed, the service thereof would be complete. (Code Civ. Proc., sec. 1013.) The record is silent upon the question whether or not such notice was deposited. The presumption that the fact was established must therefore prevail.'' The Heinlen case was quoted with approval in *McKeon* v. *Sambrano,* 200 Cal. 739, 741 [255 Pac. 178], and we have found no authority to the contrary.

It will be noted that neither the notice of motion nor the affidavits attack the *service* of the notice of time of justification of the surety, and the uncontroverted evidence is that such service was made in the manner required by the statute. In addition to this evidence the presumption is that such service was made as required (*Gill* v. *Southern Pac. Co., supra*); and then the further presumption applies here that the justice of the peace at the time of the justification of the surety having before him proof of service of the notice must be presumed to have proceeded regularly and in accordance with law when he determined that due notice was given and thereafter approved the surety.

The only real opposition to the writ before this court is the attack upon the mode of procedure, the respondent insisting that *certiorari* is not the proper remedy. The cases when *certiorari* will or will not lie to review an order

of this character are not clear, and we are not now disposed to enter into a discussion upon the mere question of the title to the remedy when we are satisfied that the petitioner is entitled to the relief. Though it has named its petition a proceeding in *certiorari* it has pleaded everything which is essential to the issuance of a writ of mandate, and when this is so the rule is that this court may grant to the petitioner such relief as is warranted in the premises. (*Golden Gate Tile Co.* v. *Superior Court,* 159 Cal. 474, 476 [114 Pac. 978]; *Van Hoosear* v. *Railroad Com.,* 189 Cal. 228, 236 [207 Pac. 903]; *Finn* v. *Butler,* 195 Cal. 759 [235 Pac. 992].)

█ That *mandamus* is the proper remedy here is demonstrated in *Hennessy* v. *Superior Court,* 194 Cal. 368, 374 [228 Pac. 862], and many other authorities there cited holding that when the trial court has decided, as a matter of law, upon its construction of a statute that it is without jurisdiction *mandamus* to require the court to proceed with the trial is the proper remedy.

For the reasons stated, it is ordered that a peremptory writ of *mandamus* issue out of this court requiring the respondent to set aside its order dismissing the appeal in the action entitled *Traders Credit Corp.* v. *Lindley Marinello Shop et al.,* No. 115,429, and to restore said cause for trial.

Sturtevant, J., and Spence, J., concurred.