[Civ. No. 25516.   Second Dist., Div. Three.   July 7, 1961.]

WILLIAM S. PALMESE, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent; GINO BAFFA, Real Party in Interest.

Sidney Gordon for Petitioner.

Harold W. Kennedy, County Counsel, and Donald K. Byrne, Deputy County Counsel, for Respondent.

Frank Fishkin for Real Party in Interest.

NOURSE, J. pro tem.*—By his petition in this matter petitioner sought a writ of certiorari to review the action of the appellate department of the respondent court dismissing an appeal taken by him from a judgment of the Municipal Court of the Los Angeles Judicial District. Being satisfied that the facts alleged in the petition did not show that the respondent court had exceeded its jurisdiction and that therefore a writ of review could not issue (Code Civ. Proc., § 1068), but being further satisfied that the facts did show that the respondent court had refused to exercise its jurisdiction to hear and determine petitioner's appeal from the judgment of the municipal court and had therefore declined to perform a duty which it was by statute specially enjoined to perform, we issued an alternative writ of mandate. (*Hennessy* v. *Superior Court,* 194 Cal. 368 at 372-374 [228 P. 862] ; *Traders Credit Corp.* v. *Superior Court,* 111 Cal.App. 663 [296 P. 99] ; Code Civ. Proc., § 1085.)

We are satisfied that a peremptory writ should issue. Petitioner commenced an action in municipal court against one Baffa. Baffa answered and filed a cross-complaint. Petitioner did not appear at the trial and judgment by default was entered against him on the cross-complaint. This judgment was entered November 1, 1960, and notice of entry was given on November 25th. On December 16th, petitioner moved, under section 473, Code of Civil Procedure, to vacate the

*Assigned by Chairman of Judicial Council.

judgment. This motion was denied on January 25th and the order denying the motion was entered on January 26, 1961. On January 31, Baffa gave petitioner notice of the ruling on the motion. On February 9th petitioner filed a notice of appeal from the judgment and on February 10th he filed a notice of appeal from both the judgment and the order denying his motion to vacate the judgment. On March 20, 1961, Baffa moved the respondent court to dismiss the appeal and on March 27th this motion was granted.

Respondent real party in interest maintains that the motion was properly granted under the Rules on Appeal from Municipal Courts in Civil Cases because the notice of appeal was not filed for more than 75 days after the entry of judgment.

He bases this contention on rule 3(b) of the Rules on Appeal from the Municipal Courts in Civil Cases (40 Cal.2d 25-26), which reads as follows: ". . . When a motion to vacate a judgment or to vacate a judgment and enter another and different judgment is made by any party on any ground within the time within which, under Rule 2, a notice of appeal from the judgment may be filed, (1) if the motion is denied . . . the time for filing the notice of appeal *from the judgment* is extended for all parties until 15 days after entry of the order denying the motion to vacate or *until 75 days after entry of the judgment, whichever shall be less.*" (40 Cal.2d 25-26.) (Emphasis added.) The section just quoted does not affect the time for appeal from a special order made after final judgment. Its only effect is to extend, in the event a motion to vacate a judgment is made either under section 473, Code of Civil Procedure or under 663 of that code, the time fixed by rule 2 for an appeal from the judgment.

Real party in interest's contention is therefore sound insofar as the appeal from the judgment is concerned but cannot be sustained as to the appeal from the order denying the motion to vacate that judgment.

An order denying a motion made under section 473 of the Code of Civil Procedure to vacate a judgment is a special order made after final judgment. (*Winslow* v. *Harold G. Ferguson Corp.*, 25 Cal.2d 274, 282 [153 P.2d 714].) An appeal lies from such an order. (Code Civ. Proc., § 983; *Spellens* v. *Spellens*, 49 Cal.2d 210 at 228-229 [317 P.2d 613].)

An order denying a motion made under section 473 of the Code of Civil Procedure is a judgment within the

meaning of rule 2 of the Rules on Appeal from Municipal Courts in Civil Cases (see rule 15(g)) and the time fixed by rule 2 governs such an appeal, that is to say, an appeal from such an order may be taken within 30 days after notice of entry of the order but in any event not later than 60 days after its entry.

■ The order of the respondent court dismissing the appeals was made upon the sole ground that the notice of appeal was not filed within time and that therefore the court did not have jurisdiction of the appeals.[1] It is apparent from what we have said that the court did have jurisdiction insofar as the appeal from the order denying the motion to vacate the judgment is concerned for the notice of appeal from that order was filed less than 30 days after the order denying petitioner's motion was entered. The notice of appeal having been filed within time the respondent court was charged with the duty of exercising its jurisdiction to consider that appeal and its order dismissing the appeal constituted a refusal on its part to perform its duty and to exercise its jurisdiction.

■ This court will not interfere with the decision of an inferior court where the inferior court is called upon to consider the sufficiency of certain facts to give it jurisdiction, but here the inferior court is not acting upon any conflict of evidence in determining its want of jurisdiction but erroneously held as a matter of law that it had no jurisdiction and it is therefore the duty of this court to mandate it to take jurisdiction and perform the duty imposed upon it by statute. (*Hennessy* v. *Superior Court, supra,* 194 Cal. 368 at 373-374; *Traders Credit Corp.* v. *Superior Court, supra,* 111 Cal.App. 663.)

The alternative writ is discharged. Let a peremptory writ of mandate issue directing the respondent court to hear and determine the appeal from the order denying petitioner's motion to vacate the judgment entered against him in that certain action in the municipal court entitled ''William S. Palmese, Plaintiff, versus Gino Baffa, Defendant'' being Action Number 710715 in said court.

Shinn, P. J., and Ford, J., concurred.

---

[1]The motion to dismiss the appeal was made upon the sole ground that the appeal was not taken within the time provided by the Rules on Appeal and it was stipulated by all parties at oral argument that the appellate department of the superior court dismissed the appeal upon the ground that it did not have jurisdiction of the appeal.