[Civ. No. 9370. Fourth Dist., Div. One. Dec. 4, 1968.]

L. V. KNUDSON, Petitioner, v. THE SUPERIOR COURT OF SAN DIEGO COUNTY, Respondent; DEWEY H. BANDY et al., Real Parties in Interest.

Cooper, Nelsen & Moore and Richard M. Moore for Petitioner.

No appearance for Respondent.

Luce, Forward, Hamilton & Scripps and David H. Getches for Real Parties in Interest.

LAZAR, J. pro tem.*—Petition for writ of mandate to require the appellate department of the superior court to hear and rule upon certain appeals by petitioner which had been dismissed upon motion made upon the ground of lack of jurisdiction.

## FACTS

The petition arises from litigation in the Municipal Court of the San Diego Judicial District, Bandy v. Knudson Mfg. Co., No. 126960. In that case the date of trial had been set and noticed. Petitioner's counsel made efforts to have the trial delayed which were unsuccessful. The trial was held in the absence of petitioner and his counsel and resulted in judgments in favor of the plaintiff and of Great American Insurance Company, intervener and real party in interest in this proceeding. Two several judgments were entered, one on May

*Assigned by the Chairman of the Judicial Council.

14, the other on May 16, 1968. Notices were mailed respectively on May 15 and May 24.

On June 11 or 12 petitioner noticed motions in the trial court for a new trial, and for vacation of the judgments upon the grounds of "mistake, inadvertence and excusable neglect." The motions were heard June 14.[1]

No order was made on the motion for new trial (which petitioner concedes was not timely filed), but the motion to vacate was denied as to both judgments by written order dated June 27. The record before us reflects no earlier order. Petitioner on July 1, filed a notice of appeal from the judgments and from the order denying the motion to vacate the judgments. Real party in interest moved the appellate department of the superior court to dismiss the "appeal" for lack of jurisdiction because it was not timely filed. The motion to dismiss was granted.

## DISCUSSION

In order to determine the correctness of respondent's action dismissing petitioner's appeal it is necessary to consider in part the language of rules 122 and 123, California Rules of Court, as follows:

"Except as otherwise specially provided by law, a notice of appeal shall be filed within 30 days after . . . entry of judgment . . . unless the time is extended as provided in rule 123." (Rule 122(a).)

"When a valid notice of intention to move to vacate a judgment or to vacate a judgment and enter another and different judgment is served and filed by any party on any ground within the time within which, under rule 122, a notice of appeal from the judgment may be filed, or such shorter time as may be prescribed by statute, (1) if the motion is denied or not decided by the trial court within 75 days after entry of the judgment, the time for filing the notice of appeal from the judgment is extended for all parties until 15 days after entry of the order denying the motion to vacate or until 90 days after entry of the judgment, whichever shall be less; . . ." (Rule 123(b).)

---

[1]Examination of the moving papers indicates the motion to vacate was directed against only the judgment in favor of the real party in interest. The record further indicates, however, the motion was noticed to plaintiff, his counsel was present at the hearing on the motion, and the court order, prepared by plaintiff's counsel, denied the motion with specific description of each of the judgments. We hold, for the purposes of this opinion, that any deficiency in failing to specify plaintiff's judgment in the notice of motion was waived.

The position of real party in interest may be briefly stated: rule 123(b), providing for the extension of time to appeal, contemplates only motions to vacate made under sections 663 and 663a, Code of Civil Procedure, and since the notice of intention to move to vacate was not made within the time limit of section 663a, the time to appeal was not extended.

 Petitioner contends the motion to vacate was made under section 473, Code of Civil Procedure; rule 123(b) applies to such a motion; the notice of intention to move to vacate was filed within 30 days after entry of the judgments; the time to appeal was extended to not less than 15 days after June 27 (the date of the order denying the motion to vacate) or to 90 days after May 14, whichever would be less, and the appeals having been filed on July 1, were timely.

Petitioner relies upon *Palmese* v. *Superior Court*, 193 Cal. App.2d 600 [14 Cal.Rptr. 453] as determinative of the questions before us.[2] We agree with petitioner that *Palmese* correctly indicates the applicable law with respect both to the appeal from the judgments and from the order after judgment. It is true, as pointed out by real party in interest that the appeal from the basic judgment in *Palmese* was not good but that was due to the failure to appeal within the extended time permitted by the predecessor of rule 123(b), and not because the time to appeal was not extended.

We would supplement the opinion in *Palmese* by pointing out that rule 123, is (except for time periods) essentially word for word with rule 3, governing appeals from the superior court. The Draftsman's Explanatory Notes following rule 3 in West's California Court Rules refers to both sections 663 and 473, Code of Civil Procedure and state: "This subdivision [b] applies the theories of (1) extension and (2) cross-appeal to the various motions to vacate a judgment." Additionally the Supreme Court, in construing rule 3(b) as it formerly read, has said in *Estate of Corcofingas*, 24 Cal.2d 517, at pages 520-521 [150 P.2d 194]: "The first question is whether the extension provisions of rule 3(b) are rendered inapplicable by reason of the failure of appellant to serve and file the notice of intention to move to vacate the judgment within ten days after notice of entry of judgment. Stated

---

[2]Real party in interest suggests a factual difference in that the party aggrieved in *Palmese* had failed to answer a cross-complaint and had judgment taken against him by default. The opinion does not say there was a failure to answer so it cannot be said a factual difference in the cases actually exists. We are of the opinion it would make no difference in any event.

otherwise, the question is whether the motion to vacate must be a motion in compliance with the terms of section 663a, in order to extend the time to appeal. Respondent has assumed, in view of the title of the document ('notice of motion to vacate judgment and enter a different judgment'), that the moving party was proceeding under sections 663 and 663a. Appellant denies this, pointing out that the motion did not assert inconsistency between the findings and conclusions or judgment, but attacked the judgment on a number of different grounds. Appellant suggests that the motion was in some respects one under section 473 of the Code of Civil Procedure and, in any event, was not designed as a proceeding under sections 663 and 663a. The rule refers generally to any motion to vacate 'on any ground', and thus covers all types of motions to vacate, statutory or otherwise.''

Real party in interest makes two other contentions which we shall consider briefly. The first is that the adoption of the procedure for certification of cases to this court within section 988t of the Code of Civil Procedure eliminates this court's authority to mandamus the superior court as was done in *Palmese*. We do not agree and point out that section 988t is conditioned upon matters pertaining to uniformity of decision and settling important questions of law. We consider that a lower court's refusal to exercise jurisdiction under the circumstances of this case is not such a matter.

The second contention is that petitioner had available a plain, speedy and adequate remedy by way of rehearing and that he failed to ask for a rehearing before the superior court as he was entitled to do under rule 107, California Rules of Court. No opinion was filed in making the order dismissing the appeals, thus giving no indication of the grounds or reasons underlying the court's action. A rehearing could have been only a reiteration of what had already been presented and presumably considered. Again, under the circumstances, the right to petition for rehearing did not constitute a plain, speedy or adequate remedy so as to prevent consideration of the subject petition.

We hold that the appeal (or appeals) from the judgments of the trial court and from the order denying the motion to vacate those judgments were taken within the time allowed by law and the respondent court erred in declining to act upon the appeals pending before it.

Let a peremptory writ of mandate issue directing the

respondent court to hear and determine the appeals from the two several judgments and the order denying motion to vacate said judgments made and entered against petitioner in that certain action entitled "Dewey H. Bandy, etc. Plaintiff, vs. Knudson Mfg. Co., et al, Defendants, being No. 126960, Municipal Court, San Diego Judicial District."

Brown (Gerald), P. J., and Coughlin, J., concurred.