103 Cal.Rptr.2d 432 (2001)
86 Cal.App.4th 504
Robert SITES et al., Petitioners,
v.
The SUPERIOR COURT of San Francisco County, Respondent;
Daniel Rosenbledt, Real Party in Interest.
No. A092451.
Court of Appeal, First District, Division Five.
January 24, 2001.
As Modified January 30, 2001.
Review Granted May 23, 2001.
*433 Raquel Fox, Tenderloin Housing Clinic, Inc., for Petitioners.
Andrew M. Zacks, James B. Kraus, Law Offices of Andrew M. Zacks, San Francisco, for Real Party in Interest.
Susan Burnett Luten, Amicus Curiae for Small Property Owners of San Francisco and The Berkeley Property Owners' Association on behalf of Real Party in Interest.
STEVENS, J.
Petitioners are tenants who face eviction from their apartments after the landlord withdrew the property from the rental market pursuant to the Ellis Act (Gov. Code, §§ 7060 et seq.). The substantive question posed by their petition for writ of mandate is whether the defense of retaliatory eviction may be raised in a proceeding for eviction pursuant to the Ellis Act. For the reasons we explain below, we conclude that writ relief is not available, and we deny the petition.

I. FACTUAL AND PROCEDURAL HISTORY

Petitioners are tenants in a San Francisco building owned by real party in interest, Daniel Rosenbledt. Rosenbledt bought the building in January 1998, purportedly with full knowledge of its substandard conditions and of a notice of violation that had been issued by the city's housing inspector. Also pending at that time were petitions to the city's rent board filed by the tenants alleging a decrease in services and rent overcharges.
In August 1998 the rent board issued a decision requiring Rosenbledt to make repairs to the building and to abate the noticed violation. Within weeks, Rosenbledt gave a special power of attorney to his on-site manager to initiate evictions under the Ellis Act. Unlawful detainer proceedings were brought, and the actions were consolidated for trial in the municipal court.[1]
The trial court ruled on the landlord's motion in limine that the tenants' defense of retaliatory eviction was not available for an Ellis Act eviction. Judgment was thereafter entered in favor of Rosenbledt, but execution was stayed pending appeal. The tenants appealed to the appellate division of the superior court, which summarily *434 affirmed the judgment. The tenants requested certification to the Court of Appeal, but the superior court denied certification. Petitioners now seek a writ of mandate to compel the appellate division of the superior court to certify the case to this court.[2] We stayed the eviction order and issued an order to show cause.

II. DISCUSSION

As our Supreme Court recently reiterated, a litigant in a case originating in the municipal court has no appeal as a matter of right to the Court of Appeal. (Snukal v. Flightways Manufacturing, Inc. (2000) 23 Cal.4th 754, 762, 98 Cal. Rptr.2d 1, 3 P.3d 286 (Snukal).) The appellate division of the superior court is ordinarily the last resort for review of a case that originated in the municipal court. (In re Sterling (1965) 63 Cal.2d 486, 487, 489-90, 47 Cal.Rptr. 205, 407 P.2d 5 (Sterling); Adams v. Superior Court (1970) 8 Cal.App.3d 569, 572, 87 Cal.Rptr. 667.)
However, section 911 of the Code of Civil Procedure[3] and rule 62 of the California Rules of Court[4] provide two limited avenues for discretionary review by the Court of Appeal: (1) transfer upon certification by the superior court and (2) transfer upon the Court of Appeal's own motion.[5] In the present case, the first avenue to the Court of Appealcertificationis not available to the tenants, as the superior court declined to certify the case. The second avenue is also foreclosed, because rule 62 only allows the Court of Appeal to transfer a case to itself when it determines from a published opinion of the appellate division of the superior court that transfer is necessary to secure uniformity of decision or to settle important questions of law. Thus, when the appellate division does not issue a published opinion, the Court of Appeal cannot transfer the case on its own motion. (In re Wallace (1970) 3 Cal.3d 289, 292, 90 Cal. Rptr. 176, 475 P.2d 208 (Wallace).)
The present case stands in contrast to a case pending in Division One of this District that raises the identical substantive issue whether retaliatory eviction is available as a defense to an Ellis Act eviction. (Drouet v. Superior Court, A092016, app. pending (Drouet).) In Drouet the appellate division issued a published decision on a petition for writ of mandate to compel the trial court to set aside summary adjudication. *435 And Division One, pursuant to its authority under rule 62, ordered the case transferred to itself on its own motion. Here, we have no published opinion, indeed no opinion at all, from the appellate division. We have no authority to order the case transferred to us.
The question arises whether review is nonetheless available by a writ proceeding when the transfer procedures of rule 62 are foreclosed. In criminal cases, it has been held that under the circumstances present hereno published opinion from the appellate division and certification deniedthe defendant may seek review of his conviction by a petition for writ of habeas corpus. (Wallace, supra, 3 Cal.3d at p. 292, 90 Cal.Rptr. 176, 475 P.2d 208; see also In re Panchot (1968) 70 Cal.2d 105, 107, 73 Cal.Rptr. 689, 448 P.2d 385; In re Zerbe (1964) 60 Cal.2d 666, 667, 36 Cal.Rptr. 286, 388 P.2d 182.) However, habeas corpus may not be used to circumvent the procedures for direct appellate review. (Sterling, supra, 63 Cal.2d at pp. 489-490, 47 Cal.Rptr. 205, 407 P.2d 5.) The Supreme Court in Sterling explained: "[Petitioners] have been afforded a full trial and appellate review of their constitutional claims pursuant to substantially the same standards that would apply had they been subject to trial in the superior court rather than the municipal court. To permit further review on habeas corpus of the legality of the search and seizure would afford them more remedies than are available to those charged with more serious crimes, and such further review could be justified only on the impermissible assumption that the municipal courts and the appellate [divisions] of the superior courts cannot be trusted to discharge their duty to enforce the Constitution." (Id. at p. 490, 47 Cal.Rptr. 205, 407 P.2d 5.)
In civil cases, review of an appellate division decision may be had on certiorari, when the appellate division's decision was in excess of its jurisdiction. (Dvorin, supra, 15 Cal.3d at p. 650, 125 Cal.Rptr. 771, 542 P.2d 1363.) Conversely, when the appellate division acts within its jurisdiction, even though it acts erroneously, certiorari does not lie. (Brown Co. v. Appellate Department (1983) 148 Cal.App.3d 891, 903-904, 196 Cal.Rptr. 258 (Brown. Co.).) Petitioners do not claim that the appellate division exceeded its jurisdiction in acting upon petitioners' appeal.
Review on mandamus has been given by the Supreme Court when the superior court denied the petitioner a fair hearing and the issue was one of general interest. (Green v. Superior Court (1974) 10 Cal.3d 616, 621-622, 111 Cal.Rptr. 704, 517 P.2d 1168 (Green); Schweiger, supra, 3 Cal.3d at p. 518, 90 Cal.Rptr. 729, 476 P.2d 97.) In both Green and Schweiger a trial de novo was held in the superior court following an unlawful detainer proceeding in the municipal court, and the superior court denied certification (Green) or the Court of Appeal refused to accept certification (Schweiger). In Green the court found that the superior court should have allowed the tenant's defense of breach of warranty of habitability, and in Schweiger the court held the superior court should have allowed the defense of retaliatory eviction. In both cases, the Supreme Court's writ proceeding provided the only appellate review of the superior court's action.
In contrast, in the present case, a trial took place in municipal court, and the tenants received appellate review in the appellate division of the superior court. Although the substantive question raised by petitioners is equally as important as the questions raised in Green and Schweiger, there is no assertion that the superior court denied petitioners a fair hearing. In Brown Co., supra, 148 Cal.App.3d at p. 904, 196 Cal.Rptr. 258, as here, the appellate division denied certification and the aggrieved party sought a writ of mandate from the Court of Appeal. The court concluded that the propriety of mandamus relief would be "dubious" in light of the fact that the petitioner had obtained full appellate review in the appellate division. *436 The court also noted that the petitioner had not been precluded from filing briefs or presenting oral argument; he obtained a fair hearing in the appellate division of the superior court.
So, too, in the present case, the tenants have been afforded their first appeal as a matter of right in the appellate division of the superior court. They submitted briefs and presented oral argument. They have not been denied a fair hearing on the merits of their claim.
In that regard, Knudson v. Superior Court (1968) 267 Cal.App.2d 876, 73 Cal. Rptr. 513 is distinguishable. There the defendant appealed the municipal court judgment to the appellate division of the superior court, which then dismissed the appeal on the ground that it was not timely filed. The defendant petitioned the Court of Appeal for a writ of mandate to compel the appellate division to hear the appeal. In granting relief to the defendant, the court rejected the plaintiffs argument that the certification procedure eliminates the authority of the Court of Appeal to mandamus the superior court. The court reasoned as follows: "We ... point out that section [911 of the Code of Civil Procedure] is conditioned upon matters pertaining to uniformity of decision and settling important questions of law. We consider that a lower court's refusal to exercise jurisdiction under the circumstances of this case is not such a matter." (Knudson, supra, at p. 880, 73 Cal.Rptr. 513.)
The circumstances underlying the tenants' petition are different. The appellate division exercised its jurisdiction and heard the appeal. It chose, however, not to issue a published decision, presumably because it had already done so in Drouet, the case now pending in Division One. It also chose not to certify the case to this court for hearing and decision, perhaps for the same reason. Under these circumstances, we do not believe mandamus is appropriate. Petitioners have received appellate review in the appellate division of the superior court, and their right to further review in the Court of Appeal is governed by the certification and transfer procedures of section 911 and rule 62. We paraphrase the Supreme Court's language in Sterling, supra, 63 Cal.2d at p. 490, 47 Cal.Rptr. 205, 407 P.2d 5: To permit further review on mandamus would afford petitioners more remedies than are available to those litigants whose case originates in superior court.
The Supreme Court's decision in Vargas v. Municipal Court (1978) 22 Cal.3d 902, 909-910, 150 Cal.Rptr. 918, 587 P.2d 714 (Vargas) warrants discussion. An unlawful detainer proceeding was held in municipal court; the tenants unsuccessfully appealed to the appellate division, and the Court of Appeal refused certification. The tenants then petitioned for a writ of mandate to the Supreme Court to review whether the municipal court erred in precluding as a defense to eviction the tenants' claim that the landlord-employer was retaliating against them for their statutorily-protected union activities. The Supreme Court granted writ relief with virtually no discussion, noting only "the novelty and general importance of the[ ] issues" and that all parties had conceded the case was properly before the court. (Vargas, supra, at p. 910, 150 Cal.Rptr. 918, 587 P.2d 714.)
The parties to the case we review, however, do not concede that review by writ is appropriate. Real party in interest argued in his opposition to the petition that mandate is procedurally improper. Moreover, the petition in Vargas was properly directed to the Supreme Court, not the Court of Appeal. Because the Court of Appeal has absolute discretion to deny transfer under rule 62 (fn.5, ante), the only means by which the parties in Vargas could reach the Supreme Court was by petition for writ of mandate.
The route to the Court of Appeal is quite different. As mentioned, ante, the certification and transfer procedures of *437 section 911 and rule 62 provide the method for obtaining review by the Court of Appeal from a proceeding held in municipal court which has been reviewed by the appellate division of the superior court. When, as here, the appellate division declines to certify the case to the Court of Appeal for review, the Court of Appeal may act on its own motion only when the appellate division has issued a published opinion. (Rule 62(a).) Those who drafted the rule, under delegated authority from the Legislature, apparently determined that issuance of a published opinion was indicative of the importance and novelty of the issue. In the absence of a published opinion by the appellate division, the Court of Appeal has no power to transfer the case to itself for review. (Wallace, supra, 3 Cal.3d at p. 292, 90 Cal.Rptr. 176, 475 P.2d 208.) In light of these limitations on our authority, we decline to circumvent the rules of court by granting review on mandamus.
In denying the petition, we do not suggest that mandamus is never appropriate as an alternative to the certification and transfer procedures of rule 62. Review' on mandamus may be obtained to correct an abuse of discretion by the respondent court, i.e., where under the facts discretion can be exercised in only one way. (Robbins v. Superior Court (1985) 38 Cal.3d 199, 205, 211 Cal.Rptr. 398, 695 P.2d 695; State Farm etc. Ins. Co. v. Superior Court (1956) 47 Cal.2d 428, 432, 304 P.2d 13.) And it may be that in a particular case a petitioner will be able to show that the appellate division abused its discretion in refusing certification to the Court of Appeal for review. On this record, however, that showing has not been made. Rule 63 permits the appellate division to certify that the transfer of a case to the Court of Appeal "appears necessary to secure uniformity of decision or to settle important questions of law." Petitioners have failed to point out any conflict in the decisions concerning retaliatory eviction in Ellis Act cases. In both Drouet and the present case, the appellate division found this defense unavailable to the tenants. Nor, in light of the pendency of Drouet, have petitioners demonstrated that transfer to the Court of Appeal was "necessary ... to settle important questions of law."
In summary, we hold that when a case originates in the municipal court and an appeal has been taken to the appellate division of the superior court, mandamus will not lie as a means of circumventing the transfer procedures of rule 62 and giving the municipal court litigants a second appeal. In such circumstances, mandamus must be limited to those cases in which the transfer to the Court of Appeal is so indisputably necessary to secure uniformity of decision or to resolve an important legal question that the appellate division abused its discretion in failing to certify the case to the Court of Appeal for review.

III. DISPOSITION

The order to show cause is discharged as improvidently issued. The petition is denied, and the stay of the eviction order is ordered dissolved upon issuance of the remittitur.
JONES, P.J., and RICHMAN, J.[*], concur.
NOTES
[1] For the sake of simplicity, we will use "municipal court" to refer to what is now, upon unification of the municipal and superior courts, the superior court with jurisdiction in limited civil cases (Code Civ. Proc., §§ 85-86), and we will use "appellate division" to refer to what is now the appellate division of the superior court (Code Civ. Proc., § 77; Cal. Rules of Court, rule 100.)
[2] It is apparent from the briefing and oral argument of counsel, however, that in actuality the relief sought by petitioners is to compel the municipal court to hear the defense of retaliatory eviction. Because the tenants had an adequate remedy by appeal to the appellate division, mandamus will not lie to review the decision of the municipal court. (Code Civ. Proc., §§ 1085, 1086.)
[3] Unless otherwise indicated, all further section references are to the Code of Civil Procedure.
[4] All further references to a rule are to the California Rules of Court.
[5] Section 911 and rule 62 permit the Court of Appeal to transfer a case to itself when the superior court certifies or the Court of Appeal determines on its own motion from a published opinion of the appellate division of the superior court that transfer "appears necessary to secure uniformity of decision or to settle important questions of law."

It bears noting that the criteria for transfer to the Court of Appealto secure uniformity of decision and to resolve important questions of laware nearly identical to the standards for a grant of review by the Supreme Court of a decision of the Court of Appeal (rule 29(a)(1)) and appear to be derived therefrom. (Snukal, supra, 23 Cal.4th at p. 766, 98 Cal. Rptr.2d 1, 3 P.3d 286.) And like the Supreme Court's decision to grant or deny review, the Court of Appeal's decision to grant or deny transfer from the appellate division is unreviewable. The Court of Appeal has "`uncontrolled discretion'" to decide whether to transfer the case to itself for hearing and decision. (Snukal, supra, at p. 764, 98 Cal. Rptr.2d 1, 3 P.3d 286; Dvorin v. Appellate Dept. (1975) 15 Cal.3d 648, 650, 125 Cal.Rptr. 771, 542 P.2d 1363 (Dvorin); Schweiger v. Superior Court (1970) 3 Cal.3d 507, 517, fn. 5, 90 Cal.Rptr. 729, 476 P.2d 97 (Schweiger).) There is no review by the Supreme Court of a decision by the Court of Appeal to deny transfer. (Rule 28(b); Dvorin, supra.)
[*] Judge of the Alameda County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.