[L.A. No. 30390. In Bank. Dec. 9, 1975.]

LEAH H. DVORIN, Petitioner, v.
THE APPELLATE DEPARTMENT OF THE SUPERIOR COURT
OF LOS ANGELES COUNTY et al., Respondents;
IRENE THOMAS, Real Party in Interest.

## COUNSEL

Leo Shapiro for Petitioner.

No appearance for Respondents.

Grayson & Gross, Marvin Gross and Jeffrey P. Berg for Real Party in Interest.

## OPINION

**CLARK, J.**—Plaintiff executed a promissory note to defendant. Interest—calculated for the full term—was prepaid at execution. Plaintiff repaid the principal before maturity and filed a complaint in municipal court to recover unearned interest. Defendant alone moved for summary judgment and the motion was granted. Plaintiff appealed to the appellate department of the superior court. The latter reversed, additionally directing the municipal court to enter judgment in favor of plaintiff. The

appeal was certified to the Court of Appeal, but it denied transfer. Defendant filed the instant petition for writ of review.

Appeal from a municipal court, except when sitting as a small claims court, is heard in the appellate department of the superior court. (Code Civ. Proc., §§ 77, subd. (g), 117j; see *Whittaker* v. *Superior Court* (1968) 68 Cal.2d 357, 363-364 [66 Cal.Rptr. 710, 438 P.2d 358]; 6 Witkin, Cal. Procedure (2d ed. 1971) pp. 4030-4031.) The Court of Appeal may order a case transferred to it either after certification by the appellate department or upon determination by the Court of Appeal that transfer appears necessary to secure uniformity of decision, or to settle important questions of law. (Code Civ. Proc., § 911; Cal. Rules of Court, rule 62.) Despite certification, the Court of Appeal may refuse transfer (6 Witkin, Cal. Procedure, *supra,* p. 4547), and that determination is not reviewable by petition for hearing to the Supreme Court. (Cal. Rules of Court, rule 28(b).) ■ The Court of Appeal has uncontrolled discretion in deciding whether to transfer a case from the appellate department (*Schweiger* v. *Superior Court* (1970) 3 Cal.3d 507, 517, fn. 5 [90 Cal.Rptr. 729, 476 P.2d 97]), and refusal ordinarily terminates appellate review of a municipal court case. However, extraordinary relief has been permitted.

*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 454-456 [20 Cal.Rptr. 321, 369 P.2d 937], held that while writ of certiorari does not lie to review error of a lower court, certiorari is available when the court exceeds its jurisdiction. The appellate department of the superior court there exceeded its jurisdiction by refusing to follow precedent, and its judgment was annulled. (See *Schweiger* v. *Superior Court, supra,* 3 Cal.3d 507, 517-518.)

■ Defendant contends the appellate department's order directing judgment for plaintiff exceeded its jurisdiction. He is correct. On appeal from summary judgment, an appellate court lacks jurisdiction to reverse with instruction to enter judgment for the opposing party if the latter failed to move for summary judgment. (*Southern Pacific Co.* v. *Fish* (1958) 166 Cal.App.2d 353, 358-359 [333 P.2d 133].) In *Southern Pacific,* plaintiff claimed it was entitled to directed judgment following reversal of summary judgment in favor of defendant. In rejecting plaintiff's claim, it was held that summary judgment is governed exclusively by Code of Civil Procedure section 437c, which provides that such judgment may be granted only "on motion." The defendant there—as here—being the *sole* moving party, it was concluded that the court was powerless to enter judgment against him. (Accord, *Albermont Petroleum, Ltd.* v. *Cunningham* (1960) 186 Cal.App.2d 84, 95 [9 Cal.Rptr. 405].)

Absent a motion, ordering summary judgment denies the opposite party opportunity to allege additional facts justifying trial of factual issues. Depriving him of his right to a fair trial, the procedure falls outside the curative provisions of California Constitution, article VI, section 13. (*Callahan* v. *Chatsworth Park, Inc.* (1962) 204 Cal.App.2d 597, 610 [22 Cal.Rptr. 606]; see *Spector* v. *Superior Court* (1961) 55 Cal.2d 839, 844 [13 Cal.Rptr. 189, 361 P.2d 909].)

Defendant next contends the appellate department's construction of the promissory note was erroneous. However, our scope of review on certiorari is limited to determining whether the lower court exceeded its jurisdiction. (Code Civ. Proc., § 1074; *Bridges* v. *Superior Court* (1939) 14 Cal.2d 464, 484-485 [94 P.2d 983]; *McPike* v. *Superior Court* (1934) 220 Cal. 254, 257 [30 P.2d 17]; *Oil Workers Intl. Union* v. *Superior Court* (1951) 103 Cal.App.2d 512, 526 [230 P.2d 71].) Construction of the note, based on the record on appeal, was properly before the appellate department on appeal from summary judgment.

The judgment of the superior court, appellate department, is annulled and the case remanded to it. The parties shall bear their own costs.

Wright, C. J., McComb, J., Tobriner, J., Mosk, J., Sullivan, J., and Richardson, J., concurred.