[Civ. No. 50434. Second Dist., Div. Four. Aug. 24, 1977.]

DOROTHY MARIE CORCORAN, Plaintiff and Respondent, v.
UNIVERSAL GUARDIAN CORPORATION,
Defendant and Appellant.

MICHAEL L. DAWSON, Plaintiff and Respondent, v.
UNIVERSAL GUARDIAN CORPORATION,
Defendant and Appellant.

FLORENCE PETERS, Plaintiff and Respondent, v.
UNIVERSAL GUARDIAN CORPORATION,
Defendant and Appellant.

**COUNSEL**

Paul, Hastings, Janofsky & Walker and Robert F. Walker for Defendant and Appellant.

Michael L. Dawson, Dorothy Marie Corcoran and Florence Peters, in pro. per., for Plaintiffs and Respondents.

**OPINION**

**FILES, P. J.**—Plaintiffs have made a motion to dismiss these proceedings which were filed here to obtain further review after the superior court had affirmed judgments of the small claims court. Inasmuch as no transfer has been made under the procedure established in rules 61-69, California Rules of Court, the proceedings here must be dismissed.

The procedural history of these cases requires only a brief statement. The three plaintiffs brought separate actions against defendant in the

small claims court, and each recovered a judgment there. Defendant appealed to the superior court under the authority of Code of Civil Procedure section 117j (now § 117.8). Since the three cases were factually related, they were consolidated for trial in the superior court.[1] On March 30, 1976, judgment in favor of each plaintiff was entered in the superior court, and notice of entry was given by mail to defendant.

On July 2 defendant filed with the clerk of the superior court a motion to certify the cases to the Court of Appeal. On July 26, 1976, the superior court made an order that the cases "be transferred to the District [sic] Court of Appeal" on the ground that the transfers were necessary to settle an important question of law.

Defendant then filed a designation of record on appeal and a record was prepared. That record was filed with the clerk of the Court of Appeal on February 8, 1977.

The limited jurisdiction of the Court of Appeal over cases originating in the municipal court is defined by the Constitution, by statute and by court rules.

California Constitution, article VI, section 11, provides:

"The Supreme Court has appellate jurisdiction when judgment of death has been pronounced. With that exception courts of appeal have appellate jurisdiction when superior courts have original jurisdiction and in other causes prescribed by statute.

"Superior courts have appellate jurisdiction in causes prescribed by statute that arise in municipal and justice courts in their counties.

".          .          .          .          .          .          .          .          .          .          .          .          .          .          .          .          .          .          ."

Code of Civil Procedure, section 904.1, provides:

"An appeal may be taken from a superior court in the following cases:

"(a) From a judgment, except . . . (3) a judgment on appeal from a municipal court or a justice court or a small claims court."

---

[1] Section 117j also provided "On appeal the action shall be tried anew."

Code of Civil Procedure, section 911, provides:

"A court of appeal may order any case on appeal within the original jurisdiction of the municipal and justice courts in its district transferred to it for hearing and decision as provided by rules of the Judicial Council when the superior court certifies, or the court of appeal determines, that such transfer appears necessary to secure uniformity of decision or to settle important questions of law.

"No case in which there is a right on appeal to a trial anew in the superior court shall be transferred pursuant to this section before a decision in such case becomes final therein.

". . . . . . . . . . . . . . . . . ."

Before turning to the Rules of Court we point out that section 911 does not authorize an appeal from the superior court to the Court of Appeal in a small claims case; the statute empowers the Court of Appeal, under limited circumstances, to order an appeal transferred to it from the superior court. (See *Wallace* v. *Edwards* (1963) 217 Cal.App.2d 64 [31 Cal.Rptr. 591].) We point out also that the statute gives to the Court of Appeal alone the power to order such a transfer. (See *Dvorin* v. *Superior Court* (1975) 15 Cal.3d 648 [125 Cal.Rptr. 771, 542 P.2d 1363].)

The procedure for transfer is set forth in rules 61 - 69 California Rules of Court. Those portions applicable to the cases here will be summarized.

Rule 63(a) authorizes the superior court to certify that a transfer to the Court of Appeal appears necessary to secure uniformity of decision or to settle an important question of law.

Rule 63(c) states: ". . . The certification of a case in which there was a trial in the superior court shall be filed within 30 days after entry of the judgment or 15 days after service of written notice of entry of the judgment, whichever is earlier, in a civil case, . . ."

Rule 63(f) provides: "Upon the filing of the certification the clerk of the superior court shall forthwith transmit a certified copy thereof to the clerk of the Court of Appeal and shall mail notice of such certification to each of the parties and also to the Attorney General in a criminal case."

Rule 64 provides for the preparation and transmittal of a record on transfer to the clerk of the Court of Appeal.

Rule 62(b) provides: "A transfer on certification may be ordered within 20 days after the record on transfer is filed in the Court of Appeal . . . ."

Rule 62(c) provides: "The order granting or denying a transfer to a Court of Appeal shall be filed with the clerk of the Court of Appeal, and if no order is made within the time specified in this rule, the transfer on certification shall be deemed denied and the clerk shall enter a notation in the register to that effect."

It does not appear that the superior court's order of July 26, 1976, was transmitted to the Court of Appeal as rule 63(f) requires of an order which is, in effect, a certification.

The record on transfer was received by the Court of Appeal on February 8, 1977, which started the running of the 20 days within which this court was authorized to order a transfer. ■ No prior certification having been filed, the record was not immediately recognized in the clerk's office as a record on transfer, and was not brought to the attention of any of the justices until long after that time. Thus by the literal command of rule 62(c) the transfer was denied by operation of law at the end of the month of February.

Rules 62 and 63 place time limits upon the power to certify and the power to transfer, for reasons similar to the reason for time limits upon motions for new trial, notices of appeal and petitions for rehearing. ■ Simply stated, it is that parties to litigation, and any others who are interested, are entitled to know precisely when a judgment is final, and to rely upon a record which shows that the time for further review has expired. (See *Estate of Hanley* (1943) 23 Cal.2d 120, 123 [142 P.2d 423, 149 A.L.R. 1250].)

■ Defendant argues that these time limits for certification and transfer ought to be subject to extension under the general language of rule 43, California Rules of Court, which authorizes the presiding justice to extend time, and rule 45(c) which permits the reviewing court for good cause to relieve a party from a default. We need not determine here whether this court has the power, upon a showing of "good cause" to extend the time or relieve a default in the proceeding for certification

and transfer under rules 62 and 63. One reason is that no request was made of this reviewing court under rules 43 or 45 until defendant filed its opposition to the motion to dismiss on May 19, 1977. The other is that, although the superior court's "order" of July 26, 1976, was adequate to have served as a certification if it had been timely, no legal cause, good or otherwise, has been shown for the lapse of almost four months between the judgments and the certification. Upon the record made here, the superior court had no jurisdiction on July 26, 1976, to reopen cases which had become final prior to that time under the applicable procedural law.

It is idle for defendant to assert that plaintiffs are estopped by their delay in moving to dismiss these proceedings. The judgment became final before the record was delivered to this court, and a dismissal here is required without any motion.

Finally, we point out that the reasoning of *Mills* v. *Superior Court* (1969) 2 Cal.App.3d 214 [82 Cal.Rptr. 469] is not applicable here. In *Mills,* the defendant filed a late notice of appeal from a small claims judgment in reliance upon erroneous advice from the clerk of the small claims court. The appellate court held that under the special considerations applicable to the small claims court, where the clerk acts as a kind of legal adviser for the parties, the appeal would be deemed timely.

There is no apt analogy between a small claims appeal to the superior court and a transfer from the superior court to the Court of Appeal. Different purposes are served. An appeal to the superior court is for the purpose of correcting errors of the small claims court, thereby improving the quality of justice as between the parties. Cases are transferred to the Court of Appeal under rules 61 - 69, not primarily for the benefit of the party who lost in the superior court, but "to secure uniformity of decision or to settle important questions of law."

Relatively prompt and inexpensive disposition is an important ingredient of justice in small claims cases. (See *Sanderson* v. *Niemann* (1941) 17 Cal.2d 563, 573 [110 P.2d 1025].) The Constitution, statutes and rules of court have all been written with the intention of sparing the litigant and the court system the delay, inconvenience and expense of carrying cases from the municipal and justice courts through three subsequent levels of review, except in special circumstances.

In the present case what has been lost by the lack of a timely certification is an opportunity for higher courts to examine what the

superior court regarded as an important question of law. That worthy object must await another occasion. As between the parties, the judgment of the superior court constitutes justice under the law. They have had the trial and the retrial which the Constitution and the statutes allow them for cases arising in the small claims court. Plaintiffs are now entitled to the benefit of their judgments without the burden of further litigation.

In each case, the proceeding in this court is dismissed.

Kingsley, J., and Jefferson (Bernard), J., concurred.