[Crim. No. 22660. First Dist., Div. Four. Apr. 30, 1981.]

THE PEOPLE, Plaintiff and Respondent, v.
EDWARD BURDZINSKI, Defendant and Appellant.

COUNSEL

James R. Jenner, Public Defender, Jay B. Gaskill, Assistant Public Defender, and David E. Kahn for Defendant and Appellant.

D. Lowell Jensen, District Attorney, and Ralph Countryman, Deputy District Attorney, for Plaintiff and Respondent.

OPINION

**THE COURT.**\*—Following a jury trial in the municipal court, Edward Burdzinski was convicted of indecent exposure (Pen. Code, § 314, subd. 1) and child annoying (Pen. Code, § 647a). He appealed to the appellate department of the superior court; the trial court judgment was remanded for revision of probation conditions but affirmed in all other respects. Burdzinski petitioned the appellate department for rehearing; two days later he applied for certification to the Court of Appeal. (Cal. Rules of Court,[1] rule 63(b).) On March 11, 1981, the petition for rehearing was denied; his application for certification was granted. On April 8, 1981, a "Certification to Court of Appeal" was filed in the superior court. The three judges on the panel which decided the case certified that the transfer of the case to the Court of Appeal appeared necessary to settle an important question of law. (See rule 63(a).)

The jurisdiction of the Court of Appeal over cases originating in the municipal court is defined and limited by the Constitution, by statute and by court rules. (*Corcoran* v. *Universal Guardian Corp.* (1977) 72 Cal.App.3d 904, 907 [140 Cal.Rptr. 421].) The Constitution provides

---

\*Before Caldecott, P. J., Rattigan, J., and Christian, J.

[1]Rules 61 to 69 govern the procedure for transfer from the superior court to the Court of Appeal.

that Courts of Appeal have appellate jurisdiction when superior courts have original jurisdiction and in other causes prescribed by statute. (Cal. Const., art. VI, § 11.) A defendant has an appeal as of right from superior court judgments except judgments on appeal from the municipal court (Code Civ. Proc., § 904.1). Nonetheless, the Court of Appeal "may order any case on appeal within the original jurisdiction of the municipal and justice courts in its district transferred to it for hearing and decision as provided by the rules of the Judicial Council when the superior court certifies, or the court of appeal determines, that such transfer appears necessary to secure uniformity of decision or settle important questions of law." (Code Civ. Proc., § 911.) The Courts of Appeal are to exercise discretion in deciding whether to transfer cases under Code of Civil Procedure section 911. (*Schweiger* v. *Superior Court* (1970) 3 Cal.3d 507, 517, fn. 5 [90 Cal.Rptr. 729, 476 P.2d 97].)

The appellate department of the superior court may, upon application of a party, or on its own motion, certify that transfer of a municipal court appeal to the Court of Appeal appears necessary to secure uniformity of decision or to settle important questions of law. (Rule 63(a).) The Court of Appeal may then order the case transferred to it for hearing and decision. (Rule 62(a).) However, the rules impose time limits on such a transfer. "The certification of a case in which there is no trial in the superior court shall be filed with the clerk of that court ... not later than 10 days after the judgment on appeal becomes final as to that court." (Rules 63(c).) The time for filing the certification is extended by new trial proceedings or proceedings to vacate a judgment (rule 63(d)); time is not otherwise extended (rule 45(c)).

The certification must contain a brief statement setting forth the important question of law to be settled. (Rule 63(e).) Upon filing the certification, the clerk of the superior court must forthwith transmit a certified copy of the document to the Clerk of the Court of Appeal and must mail notice of such document to each of the parties and to the Attorney General in a criminal case. (Rule 63(f).)

■ Here, the judgment was final as to the superior court when hearing was denied on March 11, 1981. (Rule 66; rule 107(b)(2).) Although the court in its order dated March 11, 1981, granted the application for certification, no "certification" was filed within 10 days. (See rule 63(c).) The certification was actually filed in the superior court on April 8, 1981. Therefore, the certification was untimely.

A liberal construction of the rules might arguably allow for a tolling of the time limit upon granting the application for certification. (See *Corcoran v. Universal Guardian Corp., supra*, 72 Cal.App.3d 904, 910.) However, rule 63(c) provides that the certification shall be filed with the clerk of the superior court within 10 days after the judgment on appeal becomes final as to that court. No document was filed within 10 days after the judgment became final. Furthermore, the certification must itself contain a statement as to the reasons the Court of Appeal should exercise its discretionary review. (See rule 63(e).) The order contained no such statement. The importance of strict compliance with these basic requirements is evidenced by the impact on the superior court's decision of a timely certification: further action by the superior court is stayed until determination of proceedings in the Court of Appeal. (See rule 67.) Thus, unless time limits are strictly observed, the potential for uncertain and delayed disposition is high.

The proceeding in this court is dismissed.

A petition for a rehearing was denied May 19, 1981.