[No. E010295. Fourth Dist., Div. Two. June 19, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
WALTER G. DUPUIS, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part II.

697

**COUNSEL**

Robert W. Nagby for Defendant and Appellant.

Grover C. Trask II, District Attorney, and Richard. L. Cookson, Deputy District Attorney, for Plaintiff and Respondent.

## OPINION

**TIMLIN, Acting P. J.**—Defendant seeks review of his case in this court, by way of this court's order transferring this case to it from the appellate department of the superior court (appellate department) upon certification of the appellate department. Defendant was convicted in the municipal court of one count of driving a vehicle while under the influence of an alcoholic beverage (Veh. Code, § 23152, subd. (a)) and one count of driving a vehicle while having a blood-alcohol level of 0.10 percent or greater (Veh. Code, § 23152, subd. (b), as worded at the time of the offense), which convictions were attended by the municipal court's finding that defendant had suffered a prior conviction under section 23152 of the Vehicle Code (the prior).

Notwithstanding defendant's attempts to secure our review of the entirety of the municipal court proceedings, we shall conclude that only one, limited issue—whether or not the appellate department committed error in remanding to the municipal court for retrial the question of whether defendant was convicted of the alleged prior—is before us for hearing and decision. With respect to that one issue, we shall conclude that the appellate department did err.

### FACTUAL AND PROCEDURAL BACKGROUND

Following a jury trial in the municipal court, defendant was convicted of the aforementioned "driving under the influence" offenses and the trial court found true the alleged prior. Defendant appealed to the appellate department, raising four distinct issues, including the issue of whether the trial court had committed "*Yurko* error" in proceeding to determine the truth of the alleged prior without first advising defendant of his right to a jury trial on that question and then obtaining an express waiver by defendant of a jury trial on that matter.[1]

The appellate department ruled on the matter as follows: "IT IS ORDERED, ADJUDGED, AND DECREED that the judgment of the Municipal Court of the Corona Judicial District, County of Riverside, in the above entitled cause, is hereby affirmed. The Finding of the prior is reversed. The Matter is remanded to Corona Judicial District for retrial on the prior only." Defendant thereafter petitioned the appellate department for a rehearing on the matter

---

[1] *In re Yurko* (1974) 10 Cal.3d 857 [112 Cal.Rptr. 513, 519 P.2d 561].

and, in the alternative, applied for a certification of the case to this court pursuant to California Rules of Court, rules 62 and 63(a).[2] The sole ground upon which defendant based his petition/application for rehearing/certification was his contention that the appellate department had committed error in remanding the case to the municipal court for retrial on the question whether defendant had been convicted of the alleged prior because the double jeopardy doctrine precluded a retrial.

The appellate department denied defendant's petition for rehearing, but did certify the transfer of the case to this court because: "A decision regarding the impaneling of a new jury to try prior conviction allegations as it relates to a criminal defendant's right against Double Jeopardy should be addressed within this Appellate District to settle this important question of law."[3]

This court then ordered the transfer of the case to it for hearing and decision pursuant to rule 62(a), stating: "Transfer is necessary to settle an important question of law. That question is whether the superior court may remand a case to the municipal court for trial by jury of the truth of an alleged prior conviction after the trial court had previously failed to submit the question to the jury without the defendant's waiver. (See *In re Ware* (1991) 233 Cal.App.3d 1265, 1267 et seq. [285 Cal.Rptr. 179]; *People v. Saunders* (1991) 232 Cal.App.3d 1574, 1577-1578, 1581 et seq. [285 Cal.Rptr. 485].)"

Defendant filed an opening brief with this court, in which brief defendant once again assigned as error by the municipal court the same four contentions he had originally raised in the appellate brief he had filed with the

---

[2]Hereinafter, references to "rules" will refer to the California Rules of Court.

[3]The quotation is taken from defendant's application for certification and appears to be intended to reflect the following wording of rule 63(a): "The superior court on application of a party or on its own motion may certify that the transfer of a case to the Court of Appeal appears necessary to secure uniformity of decision or to settle important questions of law." The superior court's actual certification consists of nothing more than a check mark next to a general statement prepared by defendant and attached to his application: "This matter is certified for transfer to the Court of Appeal pursuant to Rules of Court 62 and 63(a)."

The fact that defendant raised only one "important question of law" in his application for certification makes it easy, in this case, to ascertain the precise legal issue the appellate department had in mind when it certified the matter for transfer to this court. However, this will not always be the case. For future reference, we remind the appellate department that rule 63(e) states that: "The certification [by the superior court] shall contain a brief statement setting forth any conflict of decision (with citation of or reference to decisions creating the conflict, if there is no written opinion by the superior court) or important question of law to be settled and shall state whether there was a judgment in the superior court, and, if so, the nature and the date thereof." (See *People v. Burdzinski* (1981) 118 Cal.App.3d 540, 543 [173 Cal.Rptr. 440].)

appellate department. The People responded to each of the four issues in its respondent's brief.

Additional facts will be referred to, as needed, in the discussion which follows.

## DISCUSSION

### I.

### ISSUES CONSIDERED FOR REVIEW ON TRANSFER

■ Rule 62(a) states in pertinent part that: "A Court of Appeal may order *a case* transferred to it for hearing and decision when the superior court certifies . . . that such transfer appears necessary to secure uniformity of decision or to settle important questions of law." (Italics added.) A literalistic argument can be made that rule 62(a)'s use of the phrase "a case" means that the *entirety* of a case (including all of the various issues raised on appeal in the appellate department of the superior court) is necessarily brought forward for further appellate review by a court of appeal when a case is transferred from a superior court to a court of appeal by way of certified transfer. We do not, however, interpret rule 62(a) to have that meaning.

As noted by our Supreme Court: "The Court of Appeal has *uncontrolled discretion* in deciding whether to transfer a case from the appellate department [citation], . . ." (*Dvorin* v. *Appellate Dept.* (1975) 15 Cal.3d 648, 650 [125 Cal.Rptr. 771, 542 P.2d 1363], italics added.) In our view, "uncontrolled discretion in deciding whether to transfer a case" *at all* necessarily includes the discretion to determine that only certain, *limited* aspects of a case will be heard and decided after the transfer. This interpretation of rule 62(a) is particularly consistent with the fact that "[c]ases are transferred to the Court of Appeal under rules 61-69, not primarily for the benefit of the party who lost in the superior court, but 'to secure uniformity of decision or to settle important questions of law.' " (*Corcoran* v. *Universal·Guardian Corp.* (1977) 72 Cal.App.3d 904, 910 [140 Cal.Rptr. 421].)

■ In this case, the petition for a rehearing which defendant filed with the appellate department was based solely on his contention that the appellate department had committed error by remanding the case to the municipal court for retrial of the truth of the alleged prior. This same contention formed the sole basis of defendant's application to the appellate department to have his case certified for transfer to this court for hearing and decision. This same issue was the only issue referred to (indirectly) by the appellate

department in its certification. And finally, this same issue is the sole issue referred to by this court in ordering the transfer of defendant's case. Given all of the above, we decline to address any of defendant's assignments of error by the municipal court which he has raised in his briefs filed with this court, and will consider only the question whether the appellate department committed reversible error in remanding the case to the municipal court for a retrial of the truth of the alleged prior.[4, 5]

## II.

### ALLEGED "WOJAHN ERROR"[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### DISPOSITION

The appellate department's decision remanding the case to the municipal court with directions that the alleged prior be retried is reversed. This case is remanded to the municipal court for further proceedings consistent with the appellate department's affirmance of defendant's convictions of the driving under the influence charges and its reversal of the finding that the alleged prior was true. The stay of action and proceedings under California Rules of Court, rule 67, is forthwith terminated.

McKinster, J., and McDaniel, J.,[†] concurred.

---

[4]We suggest that the Judicial Council amend the California Rules of Court to make explicit that which is currently only implicit—the power of the intermediate appellate courts to limit the issues for hearing and decision in cases ordered by those courts to be transferred pursuant to rule 62(a).

[5]We note that we requested, and received, oral argument by the People and defendant on the question whether an appellate court has the authority to limit the issues to be considered when a case is transferred to that court pursuant to rule 62(a).

[*]See footnote, *ante*, page 696.

[†]Retired Associate Justice of the Court of Appeal, Fourth District, sitting under assignment by the Chairperson of the Judicial Council.