Filed 8/20/14  Bode v. Los Angeles Doctors Hospital CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| GEORGIA BODE, | B244502 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC428929) |
| v. | |
| LOS ANGELES DOCTORS HOSPITAL CORPORATION et al., | |
| Defendants and Appellants. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Elizabeth White, Judge.  Reversed and remanded with directions.

Fenton Nelson, Henry R. Fenton, Dennis E. Lee, Nicholas D. Jurkowitz, for Plaintiff and Appellant.

Lewis Brisbois Bisgaard & Smith, Jeffry A. Miller, Matthew S. Pascale, Judith M. Tishkoff, Lann G. McIntyre, for Defendants and Appellants.

_____

Plaintiff Georgia Bode, M.D., filed the instant action against defendants Pacific Health Corporation, Los Angeles Doctors Hospital Corporation, Los Angeles Doctors Corporation, and Medical Staff of Los Angeles Metropolitan Medical Center (collectively the Hospital) in connection with the suspension and nonrenewal of temporary staff privileges.  The Hospital filed a motion for summary adjudication, which the trial court granted in part.  After a jury trial awarding damages, Bode and the Hospital each appeal from the judgment.

The Hospital contends the court should have granted summary adjudication on the issue of immunity, because the Hospital had immunity under the federal Health Care Quality Improvement Act of 1986 (HCQIA) (42 U.S.C. § 11101 et seq.) and immunity for noneconomic damages under Civil Code section 43.97.  We conclude summary adjudication was properly denied on the issue of immunity under HCQIA, because ample evidence showed the Hospital failed to provide adequate notice and hearing required for protection under federal law.  However, the court could not summarily adjudicate the issue against the Hospital in the manner it did.  The judgment must be reversed and remanded for a proper determination of the issue of immunity under HCQIA.  In addition, we find summary adjudication should have been granted in favor of the Hospital on the issue of immunity under Civil Code section 43.97, which precludes liability for damages other than economic and pecuniary damages.

In her appeal, Bode contends triable issues of fact exist as to intentional infliction of emotional distress and punitive damages.  We conclude summary adjudication of these claims was proper.  Bode also appeals from a postjudgment order denying attorney fees under Business and Professions Code section 809.9.[1]  Because the judgment must be reversed for further proceedings, the ruling on the postjudgment motion for attorney fees is moot.

---

[1] All further statutory references are to the Business and Professions Code, unless otherwise stated.

## FACTS AND PROCEDURAL BACKGROUND

### Undisputed Facts

In 2002, the Hospital received conditional accreditation, in part because of inadequate monitoring of controlled substances. The Hospital implemented Sure-Med, which is a computer-operated drug dispensary system. To operate Sure-Med, a physician enters a password and other information to request drugs for a patient. After the patient's procedure, the physician enters information about drugs used, returned to the Sure-Med system, or "wasted," meaning disposed of in an authorized manner. A hospital staff member must witness and confirm the return of any drugs. The medication is deposited in a locked container in the machine and verified later.

On January 1, 2003, Bode applied for membership on the Hospital's medical staff. She began working as an anesthesiologist at the Hospital under temporary, but renewable, 90-day practice privileges pending action on her application. On January 21, 2003, the peer review subcommittee of the Hospital's surgery department met to discuss documentation issues. The following day, chair of the surgery department, Dr. Dapo Popoola, sent Bode a letter listing six incidents concerning documentation: an anesthesia record on January 6, 2003, was incomplete, lacked her signature, and showed a portion of Duramorph was used, but no wastage was recorded; an anesthesia record on January 8, 2003, was incomplete, lacked her signature, and improperly documented wastage; two anesthesia records on January 13, 2003, were incomplete and lacked her signature; on January 16, 2003, she failed to document the strength of Fentanyl administered; and on January 18, 2003, she used a portion of Duramorph but did not record wastage.

Popoola noted that the incidents deviated from the standard of care, hospital policy, and the accreditation standard for appropriately controlling the dispensing of medications. Popoola warned, "Any further occurrence[s] may result in disciplinary

3

action including suspension of privileges." (Boldface omitted.) The Hospital's records reflect Bode received additional training and resolved the documentation problems.

The surgery department forwarded its conclusions and recommendations regarding the six incidents to the Medical Executive Committee (MEC). The MEC accepted the peer review report, noted the surgery department's action, and accepted the surgery department's decision not to place Bode on immediate suspension.

On March 18, 2003, Bode withdrew three ampules of Fentanyl, two vials of Versed, and one ampule of Demerol from the Sure-Med system to administer to a surgery patient. The patient's chart reflected that all of the Fentanyl and one vial of the Versed were administered. Bode entered her return of the Demerol and the remaining Versed vial in the Sure-Med system. Nurse Zoila Vargas witnessed the return of the drugs by entering her user number and password to confirm Bode's actions. However, when the pharmacy staff checked the Sure-Med return compartment the next day, no Demerol ampule was found. Vargas told her supervisor and the head of the anesthesiology department that Bode returned Fentanyl and Vargas claimed to have alerted Bode to correct the information in the Sure-Med system. However, Vargas told the pharmacy chief she did not see, or did not know, what Bode returned.

On March 21, 2003, Popoola and the Hospital's Chief of Staff, Lowell Theard, sent a joint letter stating Bode was summarily suspended until further notice due to the issues surrounding the return of controlled medications on March 18, 2003. They noted that there was no evidence patient care had been adversely affected, and did not consider the suspension to be a disciplinary action. They stated that the surgery department would convene to determine a course of action.

On March 25, 2003, the surgery department's peer review subcommittee held an emergency meeting. Bode appeared and described her actions regarding the missing drug. She noted she had never had any problems with dispensing or returning controlled substances. The peer review subcommittee was unable to reach a decision about the discrepancy. They agreed Bode would remain on summary suspension while the Chief of Anesthesiology reviewed reports and provided findings to the surgery department.

4

The Chief of Anesthesiology could not determine an explanation for the missing drug. On March 26, 2003, the surgery department recommended an extension of Bode's suspension until March 30, 2003, which was the date her temporary privileges expired. Her privileges would be allowed to expire and not be renewed until the matter of the missing drug was satisfactorily resolved. The MEC met and approved the surgery department's recommendation. Popoola and Theard sent a letter to Bode that day notifying her that the suspension would remain in effect until March 30, 2003.

On March 31, 2003, the Hospital notified Bode that her temporary privileges would not be renewed "because of issues surrounding the return of controlled substances." At some point, the Hospital filed a report with the California Medical Board pursuant to section 805.

On June 3, 2003, Bode's attorney demanded a hearing under fair procedure laws. He noted Bode had no further interest in practicing at the Hospital, but the actions taken against her had a devastating impact on her ability to practice elsewhere. He suggested the Hospital set aside the suspension and nonrenewal, after which Bode would take steps to resign her privileges. On August 27, 2003, Bode filed a petition for a writ of mandamus alleging that termination or nonrenewal of existing staff privileges required notice and a hearing before termination or nonrenewal, which Bode had demanded and the Hospital failed to provide. (*Bode v. Pacific Health Corp.* (Super. Ct. L.A. County, 2003, No. BS085342).)

On May 27, 2004, the Hospital notified Bode that she was not entitled to a hearing regarding her summary suspension, because suspensions of not longer than 14 days were not reportable, but she would be provided a hearing concerning nonrenewal of temporary privileges if she requested it. At a hearing on June 25, 2004, the trial court found the Hospital had agreed to provide a hearing concerning nonrenewal, but not the summary suspension of her temporary privileges, and ordered the parties to file further briefing on whether a "name clearing" hearing was required.

The Hospital decided to include the summary suspension issue in any hearing Bode requested. On July 14, 2004, the Hospital sent Bode a notice of adverse action

5

describing the events and the applicable procedures to follow.  In the letter, the Hospital stated Bode's temporary privileges were suspended and not renewed based on issues "regarding the return of controlled substances from January 2, 2003 through March 21, 2003."  Bode requested a hearing pursuant to the procedures described.

In August 2004, the Hospital sent Bode a notice of hearing which included notice of the charges.  The Hospital reviewed the January 2003 documentation incidents and the missing Demerol incident.  In conclusion, the Hospital stated, "With the addition of this new incident, the totality of these incidents, occurring in such a short period of time, raised questions about your professional qualifications and/or your ability to exercise the temporary privileges you had been granted."  This conclusion was given as the basis for the suspension and nonrenewal of temporary privileges.

On September 30, 2004, the trial court granted Bode's petition and issued a peremptory writ of mandamus ordering the Hospital to provide Bode with a "name clearing" hearing with respect to the suspension of her staff privileges.  The court noted the issue of whether Bode was entitled to a hearing regarding the nonrenewal of privileges was moot, because the Hospital had agreed and offered a hearing on this issue.

The Hospital's Judicial Review Committee (JRC) held a hearing, but could not determine what happened to the Demerol dispensed on March 18, 2003.  The JRC could not determine the appropriate burden of proof, so they provided conclusions in the alternative.  If the MEC had the burden of proof, it had not proven the grounds for the suspension that Bode acted improperly and had not proven the nonrenewal of privileges was reasonable and warranted.  If Bode had the burden of proof, she had not produced information showing her to be qualified to have medical staff privileges at the Hospital.

Bode and the MEC each appealed the JRC's findings.  The Hospital's Appeal Board Committee held a hearing and issued a decision finding Bode had the burden of proof as an initial applicant for privileges.  The Appeal Board Committee affirmed the JRC's findings based on Bode having the burden of proof, and reversed the findings based on the MEC having the burden of proof.  The Appeal Board Committee concluded alternatively, if the MEC had the burden of proof, the suspension and nonrenewal of

6

Bode's temporary privileges was proper based solely on the January 2003 documentation incidents.

Bode filed another administrative mandate petition challenging the Hospital's decision. Bode argued the Hospital had the burden of proof and the Appeal Board Committee exceeded its authority by reweighing the evidence. The trial court issued a writ of mandate, finding the Hospital had the burden of proof and the Appeal Board Committee's evidentiary analysis was incorrect. The court noted the return of controlled substances was the only reason given to Bode at the time of the suspension and nonrenewal, and none of the six earlier documentation incidents involved the return of medications. The Hospital appealed, and Division 8 of this appellate court affirmed the trial court's ruling. (*Bode v. Los Angeles Metropolitan Medical Center* (2009) 174 Cal.App.4th 1224.)

Bode filed a motion to recover attorney fees under section 809.9 in connection with the second mandate proceedings. The trial court found the Hospital's position that Bode had the burden of proof was frivolous and awarded fees of $45,728.75. Both the Hospital and Bode appealed from the attorney fees award. Division 8 of this appellate court found the Hospital's misallocation of the burden of proof was not totally and completely without merit. The appellate court remanded the matter of attorney fees for a hearing on whether the Hospital acted in bad faith. (*Bode v. Los Angeles Metropolitan* (May 26, 2010, B208687) [nonpub. opn.].) The trial court found the Hospital had not acted in bad faith.

## Complaint and Motion for Summary Adjudication

Bode filed the instant action for damages against the Hospital on December 30, 2009. Her third amended complaint alleged causes of action for violation of the common law right to fair procedure, violation of section 809, et seq., and intentional infliction of emotional distress.

On March 2, 2011, the Hospital filed a motion for summary adjudication of several issues, including: (1) the Hospital was immune from damages under HCQIA; (2) the Hospital was immune from liability under Civil Code section 43.97; (3) there was no evidence of outrageous conduct or severe emotional distress to support the cause of action for intentional infliction of emotional distress; and (4) there was no evidence of malicious, fraudulent, or oppressive conduct to support the claim for punitive damages.

In addition to evidence of the undisputed facts above, the Hospital submitted portions of Bode's deposition testimony and her interrogatory responses. She has had anxiety, and she fears someone will accuse her falsely. The suspension and nonrenewal of practice privileges have been an immense stigma for nine years. She refused to identify any other symptoms, pain, emotional or mental injuries. She had consulted with a physician about suffering she attributes to the incident, but refused to provide the name of the physician. She has not received any medical services or treatment from a health care provider for injuries that she attributes to the incident. She suffered severe pain and suffering of a mental and emotional nature as a result of the incident, but the injury is difficult to quantify and is not associated with a particular area of the body. She did not receive any consultation, examination, or treatment from a health care provider for any injury, and has not taken any medication as a result of injuries she attributes to the incident. No health care provider has advised her that she may require additional or future treatment.

Bode filed an opposition to the Hospital's motion for summary adjudication on several grounds. She argued that California opted out of HCQIA by adopting its own statutory peer review scheme in section 809, et seq. In addition, the Hospital did not meet the requirements for immunity under HCQIA, because: (1) the peer review action was not taken in furtherance of quality health care; (2) it was not taken after a reasonable effort to obtain the facts of the matter; and (3) the Hospital did not provide adequate notice and hearing procedures until Bode filed a lawsuit to obtain fair procedures. Bode noted Civil Code section 43.97 applies only to punitive damages, not economic or pecuniary damages. She argued Civil Code section 43.97 did not apply, because the

8

Hospital's actions were not taken upon the recommendation of its medical staff, and the Hospital knowingly and intentionally took the actions for the purpose of injuring her. Bode also argued triable issues of fact existed as to the cause of action for intentional infliction of emotional distress and the claim for punitive damages.

Bode provided evidence that she properly accounted for the drugs dispensed for her patients as required by Hospital procedures. She argued Vargas's statements were hearsay, because the Hospital never called her as a witness at the hearing, and lacked credibility. She referred to Popoola's statement at the JRC hearing that there was a zero-tolerance attitude, and action had to be taken to protect the Hospital from losing accreditation, so Bode was the victim of unfortunate circumstances. Bode submitted several documents from the first mandamus proceeding, including the Hospital's letters notifying her of the summary suspension and nonrenewal of privileges, her attorney's letter several months later requesting a hearing, the Hospital's letter taking the position that she was not entitled to a hearing, and the trial court's order directing the Hospital to provide a hearing.

Bode submitted her declaration as well. The accusation of mishandling drugs has made her very upset, as she had never had a narcotics problem. Due to the taint of the accusation, she has been unable to obtain medical staff membership and privileges at another hospital despite numerous applications. This has caused her to suffer emotional pain and distress on a daily basis. The stigma of being labeled as someone who has a drug problem has caused her great anxiety and embarrassment in both her personal and professional life.

The Hospital filed a reply explaining that statutory language allowing states to opt-out of HCQIA was eliminated long before the events in this case. The Hospital also emphasized the presumption under the federal statute that a professional review action meets the requirements for immunity unless the plaintiff rebuts the presumption by a preponderance of the evidence.

A hearing was held on May 16, 2011. The trial court found the immunity provisions of HCQIA did not apply, because the Hospital's action was not taken in the

9

reasonable belief that it was in furtherance of quality health care. The Hospital did not submit evidence from which their actions could objectively be construed as motivated by a reasonable belief that disciplining Bode was in the furtherance of patients' interests. The court found the objective motive shown by the evidence was concern for accreditation and furtherance of the Hospital's economic self-interest, not patient safety. The court did not consider the circumstances of Bode's suspension to affect the health or welfare of a patient. The court also found Civil Code section 43.97 did not preclude Bode's action, because it allows causes of action for economic or pecuniary damages.

The court concluded the Hospital's conduct was not extreme or outrageous as a matter of law, there was no evidence of severe emotional distress, and no triable issue of fact existed as to intentional infliction of emotional distress. In addition, there was no evidence of conduct warranting punitive damages. Based on these findings, the court granted the motion for summary adjudication as to the cause of action for intentional infliction of emotional distress and the claim for punitive damages, and denied the motion as to the remaining causes of action.

**Trial and Posttrial Proceedings**

The Hospital filed a motion to bifurcate trial on the issue of immunity under HCQIA. Bode opposed the motion on the ground that the court previously ruled HCQIA immunity did not apply. The Hospital replied that the denial of the Hospital's summary adjudication motion did not establish immunity did not apply. The trial court denied the motion to bifurcate on the ground that the court expressly found HCQIA immunity did not apply to the Hospital's professional review action.

On the first day of trial on July 9, 2012, the Hospital asked how the court intended to proceed on the issue of immunity. Bode argued the court had decided the issue of immunity as a matter of law. The Hospital argued the court could not make a finding in favor of the opposing party on a summary adjudication motion. It was Bode's burden at trial to show immunity did not apply, in contrast to the Hospital's burden on summary

10

adjudication. The court noted the issue of immunity was a question of law for the court. The court stated, "I'm not going to go contrary to the finding that I made then. That's the law of the case. So, you know, maybe it wasn't such a great idea to bring it to the court's attention by way of a motion for summary adjudication, but I doubt that I would have found any differently, even assuming that it were something that came before me at trial."

The Hospital argued that the court had not heard all of the evidence. The court stated, "Well, I know the basis for the suspension. The basis for the suspension was the failure to supposedly return or account for the narcotics. . . . The reason given for the suspension was related to the licensing of the facility and the need for Medicare and Medi-Cal funds, and that was not related to patient care, and that's what the court found." The Hospital argued that it had not had an opportunity to present evidence to show the actions were taken for patient care. By definition, the fact that Bode was entitled to a hearing under section 805 meant the actions related to patient care or physician competence. The court emphasized the Hospital's evidence that accreditation was at issue. "Nothing that you submitted by way of your motion for summary adjudication related to patient care. I assume if you're going to make a motion for summary adjudication on those grounds, you're going to give me all the evidence that supports it." Bode agreed the Hospital had every opportunity to present evidence, and the evidence showed the actions concerned accreditation.

The court stated, "I'm addressing the issue at trial as to whether or not you are afforded immunity. I made a ruling. [Bode] has cited to that ruling. That's become the law of the case. That's part of the record. So it would be an exercise in futility to go through this over again."

The court granted Bode's motion in limine to exclude any evidence that contradicted the determination that the Hospital failed to meet its burden to show the suspension and nonrenewal of privileges was reasonable and warranted. After a five-day jury trial on the remaining issues of causation and damages, the jury returned a verdict in favor of Bode. The jury awarded past economic damages of $1,390,000, future economic damages of $537,000, and past emotional distress damages of $250,000. On August 13,

2012, the court entered judgment in favor of Bode in the amount of $2,177,000, plus costs of $20,441.27.  The Hospital and Bode each filed a notice of appeal from the judgment.

Bode filed a motion for attorney fees on September 28, 2012, seeking fees incurred in connection with the damages action under section 809.9.  The court denied the motion on the ground that section 809.9 did not apply to Bode's action for damages. Bode filed a timely notice of appeal from the postjudgment order, which was consolidated with the prior appeals.

## DISCUSSION

### Standard of Review

"A defendant meets his or her burden in a summary adjudication motion 'by negating an essential element of the plaintiff's case, or by establishing a complete defense, or by demonstrating the absence of evidence to support the plaintiff's case.' [Citations.]  'We review questions of law as well as orders granting summary adjudication under the de novo standard of review.'  [Citation.]  Likewise, the interpretation of a statute presents a legal question we review independently.  [Citation.]" (*Angelica Textile Services, Inc. v. Park* (2013) 220 Cal.App.4th 495, 504.)

### Protection under HCQIA

HCQIA limits damages for professional review actions meeting certain conditions. Bode contends the immunity provided under HCQIA does not apply in this case, because the California Legislature opted out of the federal law.  Bode further contends, even if the federal law applies, the Hospital did not meet the requirements for immunity.  We conclude the HCQIA provisions apply.  Bode presented sufficient evidence to preclude summary adjudication, but the issue could not be resolved in favor of Bode without a

12

proper motion or evidentiary trial. The issue of immunity under HCQIA must be remanded.

### A. Federal Immunity Provisions

Federal law limits damages for professional review actions that are taken "(1) in the reasonable belief that the action was in the furtherance of quality health care, [¶] (2) after a reasonable effort to obtain the facts of the matter, [¶] (3) after adequate notice and hearing procedures are afforded to the physician involved or after such other procedures as are fair to the physician under the circumstances, and [¶] (4) in the reasonable belief that the action was warranted by the facts known after such reasonable effort to obtain [the] facts . . . ." (42 U.S.C. § 11112(a).) A professional review action is presumed to have met the standards for protection, unless the presumption is rebutted by a preponderance of the evidence. (42 U.S.C. § 11112(a); *Fahlen v. Sutter Central Valley Hospitals* (2014) 58 Cal.4th 655, 685.)

A health care entity is deemed to have met the requirement of adequate notice and hearing if it complies with detailed notice and hearing provisions set forth in the statute. (42 U.S.C. § 11112(b).) The "safe harbor" notice and hearing provisions require, for example, that the physician must have been given notice stating: (1) a professional review action had been proposed, (2) the reasons for the proposed action, (3) that the physician had a right to request a hearing on the action, (4) that the physician had a right to request a hearing on the proposed action, including a time limit of not less than 30 days within which to request the hearing and a summary of the physician's rights in the hearing. (*Ibid*.) Failure to meet the statutory notice and hearing conditions does not establish a lack of adequate notice and hearing in and of itself. (*Ibid*.)

Notice and hearing procedures are not required if there is no adverse professional review action, for a suspension of not longer than 14 days while an investigation is conducted to determine the need for a professional review action, or for an immediate

13

suspension followed by notice and hearing if there is an imminent danger to the health of any individual.  (42 U.S.C. § 11112(c).)

## B.  Effect of California Law

Bode contends California "opted-out" of the federal peer review provisions by enacting section 809, et seq.  42 U.S.C. section 11111 initially provided, "Subsection (a) of this section shall not apply to State laws in a State for action commenced on or after October 14, 1989, if the State by legislation elects such treatment."  (*Fox v. Good Samaritan L.P.* (N.D.Cal. 2010) 801 F.Supp.2d 883, 892.)  In section 809, the California Legislature exercised California's right to opt out of provisions of HCQIA related to professional review actions and expressly declared that California's peer review laws applied in lieu of 42 U.S.C. section 11111.  However, "a few months after California's peer review legislation became effective, Congress amended the federal statute to repeal the so-called opt out provision.  (See Pub.L No. 101-239, § 6103(e)(6)(A) (Dec. 19, 1989) 103 Stat. 2106, 2208.)"  (*Smith v. Selma Community Hosp.* (2010) 188 Cal.App.4th 1, 27, fn. 22.)  Federal case law and legislative history do not assist in interpretation of California's peer review statutes (*ibid*), but section 809 does not preclude immunity under HCQIA.  (*Fox v. Good Samaritan L.P.*, *supra*, at p. 892.)

## C.  Summary Adjudication Motion

The Hospital contends the trial court should have granted summary adjudication of the issue of HCQIA immunity.  We disagree.

In opposition to the motion for summary adjudication, Bode presented ample evidence that the Hospital failed to provide adequate notice and hearing in connection with the summary suspension and nonrenewal of her temporary privileges.  The Hospital's notification to Bode that her temporary privileges would not be renewed did not comply with the safe harbor provisions of the federal statute.  In fact, the Hospital

14

admits in its brief on appeal that it did not provide notice and hearing in conformity with the federal safe harbor provisions at the time of the adverse actions. Bode submitted her June 3, 2003 letter to the Hospital requesting a hearing, her petition for writ of administrative mandate to compel a hearing, the Hospital's letter informing Bode that a hearing regarding the suspension of privileges was not required, and the writ issued by the trial court ordering the Hospital to provide a hearing.

The Hospital's position that notice and hearing procedures were not required may have been legally defensible and taken in good faith, but did not constitute adequate notice and hearing. The court found a hearing was required and ordered the Hospital to provide one. The Hospital cannot rely on procedures resulting from Bode's legal action to claim it provided adequate notice and hearing. The evidence Bode submitted in opposition to summary adjudication showed she did not receive adequate notice and hearing prior to filing a writ of mandate to compel fair procedures. The motion for summary adjudication of the issue of immunity under HCQIA was properly denied.

### D. Effect of Summary Adjudication Ruling

The Hospital contends the issue of immunity could not be adjudicated in favor of Bode in the manner it was. We agree.

The trial court cannot summarily adjudicate an issue in favor of a party if the party fails to move for summary adjudication. (*Dvorin v. Appellate Dept.* (1975) 15 Cal.3d 648, 650-651.) "Absent a motion, ordering summary judgment denies the opposite party opportunity to allege additional facts justifying trial of factual issues. Depriving him of his right to a fair trial, the procedure falls outside the curative provisions of California Constitution, article VI, section 13. [Citations.]" (*Dvorin v. Appellate Dept., supra,* at p. 651.)

In this case, the trial court denied the Hospital's motion for summary adjudication of the issue of HCQIA immunity because the court found the Hospital failed to present evidence that the adverse actions related to quality patient care. The court could not rule

15

in favor of Bode on this issue, because Bode did not file a motion for summary adjudication. The issue remained for determination at trial. The court could not summarily resolve the issue at trial without providing the Hospital an opportunity to present argument, an offer of proof, or evidence on disputed factual issues. The judgment must be reversed and remanded to determine the issue of immunity under HCQIA by way of a motion by Bode for summary adjudication, a court or jury trial on disputed factual issues, or other appropriate procedure in the trial court.

**Civil Code Section 43.97**

The Hospital contends the trial court should have granted its motion for summary adjudication of the issue of immunity under Civil Code section 43.97. We agree.[2]

Civil Code section 43.97 provides, "There shall be no monetary liability on the part of, and no cause of action for damages, other than economic or pecuniary damages, shall arise against, a hospital for any action taken upon the recommendation of its medical staff, or against any other person or organization for any action taken, or restriction imposed, which is required to be reported pursuant to Section 805 of the Business and Professions Code, if that action or restriction is reported in accordance with Section 805 of the Business and Professions Code. This section shall not apply to an action knowingly and intentionally taken for the purpose of injuring a person affected by the action or infringing upon a person's rights."

The Hospital provided evidence that the actions at issue were taken upon the recommendation of the medical staff and reported pursuant to Section 805 of the Business and Professions Code. In opposition, Bode asserts that the Hospital's actions were not made "upon the recommendation of its medical staff," because the Appeal

---

[2] Bode asserts that the Hospital failed to raise the applicability of Civil Code section 43.97 to particular claims below, but this is incorrect. The Hospital expressly raised the applicability of immunity under Civil Code section 43.97, which was sufficient to preserve the issue for appeal.

Board Committee reached a different conclusion than the JRC. We disagree with Bode's analysis. The Hospital initially suspended and did not renew Bode's privileges based on the recommendation of the surgery department's peer review subcommittee and the MEC. In reviewing the matter, the JRC provided alternative recommendations. The Appeal Board Committee affirmed one of the JRC's recommendations and disagreed with the other. We conclude the Hospital's actions were taken based upon the recommendation of the medical staff. In addition, Bode's summary suspension and nonrenewal were actions reported by the Hospital in accordance with section 805. Based on the plain language, Civil Code section 43.97 applies to the Hospital's actions.

Bode also argues that summary adjudication was properly denied because triable issues of fact exist as to whether the Hospital's actions were knowingly and intentionally taken to injure Bode or infringe upon her rights. However, no evidence was submitted from which a trier of fact could conclude the Hospital suspended Bode or decided not to renew her privileges in order to injure Bode or infringe upon her rights.

The Hospital presented evidence in connection with the motion for summary adjudication establishing that it was entitled to the protection of Civil Code section 43.97, and Bode did not present evidence to show any triable issues of fact existed. Summary adjudication should have been granted finding Civil Code section 43.97 applies in this case to preclude damages other than economic or pecuniary damages.

Civil Code section 43.97 also precludes Bode's causes of action for intentional infliction of emotional distress and punitive damages. We note that even if Civil Code section 43.97 did not bar the cause of action for intentional infliction of emotional distress, the court properly found there was no evidence of outrageous conduct or severe emotional distress sufficient to create a triable issue of fact. Similarly, the court properly granted summary adjudication of the claim for punitive damages, because there was no evidence of malice on the part of the Hospital.

Bode concedes that if Civil Code section 43.97 provides the Hospital immunity in this case, the judgment must be reduced by deducting noneconomic damages of $250,000. After remand, if the court finds in favor of Bode on the issue of HCQIA

17

immunity, the judgment in favor of Bode shall be reinstated, as modified to reflect economic damages of $1,927,000.  Based on our determination that the judgment must be reversed for further proceedings, Bode's appeal from the postjudgment order denying attorney fees is dismissed as moot.

## DISPOSITION

The judgment and the order granting summary adjudication are conditionally reversed.  The trial court is directed to enter a new and different order granting summary adjudication of the issue of immunity under Civil Code 43.97, the cause of action for intentional infliction of emotional distress and the claim for punitive damages.  The case is remanded for the limited purpose of determining the issue of immunity under HCQIA by way of a motion by Bode for summary adjudication, a court or jury trial on disputed factual issues, or other appropriate procedure.  If the court resolves the issue of HCQIA immunity in favor of Bode, the judgment awarding damages is reinstated in the modified amount of $1,927,000.  Appellants Pacific Health Corporation, Los Angeles Doctors Hospital Corporation, Los Angeles Doctors Corporation, and Medical Staff of Los Angeles Metropolitan Medical Center are awarded their costs on appeal.


KRIEGLER, J.


We concur:


TURNER, P. J.                                MINK, J.[*]

---

[*] Retired judge of the Los Angeles County Superior Court assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

18