Filed 9/17/14  Stoddard v. Ravael CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| ALEEKA STODDARD,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>SEAN S. RAVAEI,<br><br>    Defendant and Respondent. | B252791<br><br>(Los Angeles County<br>Super. Ct. No. SC117296) |

APPEAL from an order of the Superior Court of Los Angeles County, Samantha Jessner, Judge.  Affirmed.

Aleeka Stoddard, in pro. per., for Appellant.

Susson, Parrett & Odell and Edward L. Schumann for Defendant and Respondent.

_____

Respondent Sean D. Ravaei, D.P.M. obtained summary judgment on a medical negligence complaint filed by plaintiff Aleeka Stoddard. Stoddard appeals, claiming that the summary judgment erroneously deprived her of compensation pursuant to the Medical Injury Compensation Reform Act of 1975, Civil Code section 3333.2 (MICRA). We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Stoddard filed a complaint against Ravaei and others contending, that Ravaei negligently performed surgery on her hammertoes, resulting in damage to the look and function of her toes. Ravaei moved for summary judgment pursuant to Code of Civil Procedure section 437c, arguing that his treatment of Stoddard was within the standard of care.

In support of his motion, Ravaei submitted his own expert declaration and a declaration from a podiatry expert, Bruce Martin Dobbs, D.P.M. Ravaei declared that he did not act negligently and his treatment was within the applicable standard of care. After reviewing Ravaei's procedure notes and Stoddard's medical records, Dobbs declared that Ravaei's treatment was within the standard of care. Both doctors testified that Stoddard's injuries were inherent risks of the surgeries.

In opposition to Ravaei's motion, Stoddard failed to offer an expert declaration. Instead, Stoddard presented: 1) a letter from the Medical Board of California responding to her complaint against Ravaei; 2) email correspondence with Ali Sadrieh, D.P.M.; 3) medical notations from Jennifer Woo, D.P.M.; and 4) her unsigned settlement proposal. Ravaei submitted evidentiary objections to all of Stoddard's documents with the exception of the letter from the Medical Board of California.

The trial court sustained Ravaei's evidentiary objections and entered judgment on the motion. Stoddard appeals.

## DISCUSSION

Stoddard contends that the trial court erroneously granted summary judgment in favor of Ravaei pursuant to Code of Civil Procedure 437c. She also seeks relief awarding her the maximum amount of compensation for noneconomic damages pursuant to MICRA.

### I.  The Trial Court Properly Granted Summary Judgment

"'A defendant moving for summary judgment has the burden of producing evidence showing that one or more elements of the plaintiff's cause of action cannot be established, or that there is a complete defense to that cause of action. [Citation.] The burden then shifts to the plaintiff to produce specific facts showing a triable issue as to the cause of action or the defense.' [Citations.]." (*Multani v. Witkin & Neal* (2013) 215 Cal.App.4th 1428, 1443.) A triable issue of material fact exists where "the evidence would allow a reasonable trier of fact to find the underlying fact in favor of the party opposing the motion in accordance with the applicable standard of proof." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 850.)

On appeal, we review an order granting summary judgment de novo. (*Aguilar v. Atlantic Richfield Co.*, *supra*, 25 Cal.4th at p. 860.) We affirm a summary judgment where the submitted papers demonstrate that no triable issue of material fact exists and the moving party is entitled to judgment as a matter of law. (Code Civ. Proc. §437c, subd. (c).)

In medical negligence cases, motions for summary judgment require an expert to establish the appropriate standard of care, unless the conduct is such that a layperson could recognize that the injury occurred due to a negligent act or omission. (*Curtis v. Santa Clara* (2003) 110 Cal.App.4th 796, 800.) Evidence Code section 720, subdivision (a) defines an expert as a person having "special knowledge, skill, experience, training, or education sufficient to qualify him as an expert on the subject to which his testimony relates." In medical negligence cases, a physician defendant may be his or her own expert. (*O'Connor v. Bloomer* (1981) 116 Cal.App.3d 385.)

When a defendant moves for summary judgment and supports his or her motion with competent expert declarations setting forth an opinion that the challenged treatment fell within the standard of care, the burden shifts to the plaintiff to present conflicting expert evidence to demonstrate that a triable issue of material fact exists. (*Powell v. Kleinman* (2007) 151 Cal.App.4th 112, 123.) Here, Ravaei, as a physician defendant, met his burden by offering both his personal expert declaration and the Dobbs declaration. Both declarations contained the doctors' opinions, supported by facts and reasoning, that Ravaei complied with the standard of care.

The burden then shifted to Stoddard to offer a contradicting expert opinion demonstrating that Ravaei's treatment was not within the appropriate standard of care. (Code Civ. Proc. §437c, subd. (c).) Because Stoddard did not offer any expert testimony, she failed to meet this burden. (*Powell v. Kleinman*, *supra*, 151 Cal.App.4th at p. 123.)

Stoddard appears to contend that the two documents she submitted, Sandrieh's email and Woo's medical notations, establish Ravaei's negligence and therefore demonstrate the existence of a triable issue of material fact. However, the trial court sustained Ravaei's evidentiary objections and excluded this evidence. Because Stoddard did not challenge this evidentiary ruling on appeal, we do not consider these documents. (*Villanueva v. City of Colton* (2008) 160 Cal.App.4th 1188, 1196 [on appeal, evidence is regarded as properly excluded if a plaintiff failed to challenge the trial court's ruling sustaining a moving defendant's evidentiary objections]; see also *Yanowitz v. L'Oreal USA, Inc.* (2005) 36 Cal.4th 1028, 1037 [when reviewing summary judgment motions, the court assesses "evidence set forth in the moving and opposing papers, except that to which objections were made and sustained"].)

Because Ravaei presented expert evidence establishing that he did not breach the standard of care and Stoddard did not rebut his showing by demonstrating the existence of a triable issue of material fact as to the standard of care, the trial court properly granted summary judgment. (*Powell v. Kleinman*, *supra*, 151 Cal.App.4th at p. 123.)

4

## II. Stoddard Is Not Entitled To Damages Pursuant To MICRA

Stoddard argues that instead of granting the summary judgment motion in favor of Ravaei, the court should have found Ravaei liable for her injuries and awarded her damages. She urges this court to reverse the trial court's decision and award her damages pursuant to MICRA.

We cannot grant the relief Stoddard requests. First, as we have explained, Ravaei demonstrated that Stoddard could not establish liability in this case. Moreover, Stoddard failed to move for summary judgment. "On appeal from summary judgment, an appellate court lacks jurisdiction to reverse with instruction to enter judgment for the opposing party if the latter failed to move for summary judgment." (*Dvorin v. Appellate Dept.* (1975) 15 Cal.3d 648, 650.) For these reasons, Stoddard cannot obtain either summary judgment or an award of damages in her favor. (*Ibid.*)

## DISPOSITION

The judgment is affirmed. Respondent shall recover his costs on appeal.


ZELON, J.


We concur:


PERLUSS, P. J.                              SEGAL, J.[*]

---

[*]   Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5